NATHANIEL F. WALKER, ex'or, &c., plaintiff in error, vs. JAMES S. WALKER, et al., defendants in error.

A case pending in Court, and referred to arbitrators, by agreement of the parties, comes under the XXXth section of the Judiciary Act of 1799, and not under the Arbitration Act of 1856; and in such a case, it is error in the Court to direct the award to be entered by the Clerk upon the minutes of the Court, without first hearing and determining the validity of the exceptions filed to the award.

The Act of 1856 applies only to cases originating out of Court.

Walker, ex'or, vs. Walker et al.

Award, from Upson county.    Decided by Judge CABINESS, May Term, 1857.

A suit in equity was pending in the Court below, and by consent of the parties, the matters in dispute were referred to arbitration, and arbitrators appointed.    These arbitrators made their award, to which exceptions were filed by the defendant in the suit.

A motion was then made on the part of the plaintiff, to have the submission and award entered on the minutes of the Court, but without demurring to, or joining issue on, the exceptions of the defendant to the award.

Defendant's counsel resisted this motion, on the ground that they had the right to be heard fully, touching all matters of law or fact arising under the exceptions, and that all those matters should be passed upon by the Court, or by the Court and jury, before the award should be entered on the minutes, as the entry of the award on the minutes would make the same the judgment of the Court.    That the defendant would be greatly narrowed down in his means of defense against the award, and of his rights of attack upon the award, under the stringent provisions of the late Act on the subject of arbitrations.

After argument, the Court declined to give any opinion as to the validity of the award, but granted the motion to enter the submission and award on the minutes of the Court, and made an order accordingly.

To this decision of the Court defendant's counsel excepted, and filed his bill of exceptions, assigning the same as error.

GIBSON; COBB; GREEN; and PEEPLES, for plaintiff in error.

STUBBS & HILL, contra.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Walker, ex'or, vs. Walker et al.

This case was pending in the Superior Court of Upson county; and by agreement of the parties, was referred to arbitration.  The award, or what purported to be such, was returned into Court, and a motion was made to cause the same to be entered by the Clerk, on the minutes of the Court.  Various exceptions were filed to the award, to which the plaintiff neither demurred nor took issue, but insisted on his motion.  The Court declined to express any opinion as to the validity of the objections, but granted the order directing the award to be entered by the Clerk upon the minutes.  To which ruling the defendant excepted, and now assigns the same as error in the Court.

It is quite apparent, that the argument before this Court has taken quite a different direction from what it did in the Court below.  For whatever disclaimers may be made now, the question was treated by counsel on both sides, as well as the Court, as falling within the Act of 1856.  Otherwise, the motion by Mr. Hill would have been to receive the award, and make it the judgment of the Court; and not to enter the award preliminarily upon the minutes, as directed by the Act of 1856, in order to give the Court jurisdiction of the case.  Counsel for the defendant resisted the motion for the same reason, apprehending that if the application was granted, and the award entered upon the minutes, they would be shut in by the Act of 1856, to but a solitary objection, and that was fraud and corruption in the arbitrators.  And the Judge, thus misled, took the same view of it, as the bill of exceptions abundantly shows.

It turns out, however, that this proceeding was not under the Act of 1856, but under the XXXth § of the Judiciary Act of 1799, authorizing the submission to arbitrators, by agreement of parties, of a case already in Court.  *Cobb*, 487.    And counsel, now, upon sober-second thought, all concur in this opinion.  And if this be so, the Court erred in directing the award to be entered upon the minutes of the Court, before hearing and determining the validity of the exceptions filed

to the award.   And the motion should have been, to make the award the judgment of the Court, when all the exceptions should have been considered and decided before any other action was had.   If the objections or any of them had been sustained, then the award would be set aside; otherwise, it would have been made the judgment of the Court.   And under the Judiciary Act of 1799, it is only in this way—the judgment reciting the award, and thus making it a part of the judgment—that it can get upon the minutes.   In other words, it goes upon the minutes as a judgment, and not merely as an original award.   It is only under the Act of 1856, which applies exclusively to cases originating out of Court, and not to cases pending in Court and referred to arbitrators by the order of the Court, or upon the agreement of parties, that an award, as such, can be put upon the minutes.   And as it is a new case brought into Court, this provision was made to give the Court jurisdiction.

If an arbitration is had in terms of this Act, the party in wnose favor it is rendered, is entitled to bring it into Court, put it upon the minutes, and have it enforced as a judgment, instead of being compelled to sue upon the award, as heretofore.   To entitle a party to the right, however, the terms of the Act must be pursued.   With some amendments, this may be a good law.   Restricting the grounds of exception, alone to fraud and corruption in the arbitrators, it will soon become obsolete, for nobody will risk their rights under it.

Judgment reversed.