## LOYD, PERRYMAN & MILLS vs. HICKS.

1. The Court of Equity of the State of Tennessee have jurisdiction of persons residing in the State of Georgia, who are parties to proceedings in that Court, and who appear and answer, and are heard in the same.

2. A decree in Equity is the judgment or sentence of a proceeding instituted in that Court, and no other is necessary.

3. A decree rendered against a partnership is good, although in the decree the name of the partners are transposed in the firm-name.

4. When the verdict is for an amount greater' than the evidence warrants, the excess must be remitted, or a new trial will be granted.

Debt on a Judgment, in Fulton Superior Court. Tried before Judge BULL, at the April Term, 1860.

This case was heard, upon the following state of facts, as exhibited by the record, to wit:

An action of debt was instituted in Fulton Superior Court, by George W. Hicks, against Loyd, Perryman & Mills, to recover the amount of a decree, rendered by the Chancery Court of Hamilton county, Tennessee, in favor of the said Hicks, against the said Loyd, Perryman & Mills.

James Loyd, one of the defendants, filed the plea of *nul tiel record* to said action of debt.

On the trial of the case, the plaintiff offered in evidence, an exemplification of the record of the proceedings in Chancery, and the decree sued on; to the introduction of which counsel for the defendant objected on the following grounds, to wit:

---

WRITING OFF EXCESS. "But four legatees sued, and there were six entitled, and this is one of the grounds on which the motion was granted. The complainants say that they offered to write off two shares' value of the verdict, but the judge cited a decision of this court, McDonald *v.* Dickens et al., 58th Georgia, 77, and held that it could not be done. The court below misapprehended the ruling of this court. The two shares could have been written off, and it should have been done, if that had been the only ground of motion for a new trial. See 8 Ga. 113; 18 Ib. 539; 31 Ib. 140; 42 Ib. 462; 44 Ib. 243; 57 Ib. 77." Stanford *v.* Murphey, 60 Ga. 155.

1. Because two of said defendants, to wit: James Loyd and George M. T. Perryman, were non-residents of the State of Tennessee at the time the bill was filed in which the decree was rendered.

2. Because there was no judgment in said case.

3. Because the decree was not against Loyd, Perryman & Mills.

The Court overruled the objection, and admitted the exemplification, because it appeared from said exemplification that Enoch R. Mills, one of the defendants, was served with process and answered the bill; and that James Loyd, another one of the defendants, also answered said bill, which, by agreement, was used and considered as the joint answer of the said Loyd, and of George M. T. Perryman, the other defendant; and because it also appeared from the exemplification, that the decree was rendered against the same defendants, although the firm, name and style used in the decree was "Mills, Loyd & Perryman," instead of "Loyd, Perryman & Mills."

To this ruling of the Court, the defendants excepted.

The Court, amongst other things, charged the jury: That a decree in chancery was itself a judgment, and that no further judgment was necessary to be entered on the decree in order to maintain an action against the defendant in such decree; and defendants excepted.

The jury returned a verdict in favor of the plaintiff, for two hundred and seventy-two dollars and ninety-three cents, with interest and cost.

Counsel for defendant then moved for a new trial, on the grounds following, to wit:

1. Because the Court erred in admitting the said exemplification in evidence.

2. Because the decree in said case, if any existed, was in favor of George W. Hicks, as receiver of the effects of Gains & Co., and not in favor of George W. Hicks, in his own right; and because the decree was against Mills, Loyd & Perryman, and not against Loyd, Perryman & Mills.

3. Because said exemplification did not show that any judgment had been entered up in said case.

4. Because the Court erred in charging the jury, that a decree in chancery was itself a judgment, and that no further judgment was necessary to be entered on the decree in

order to maintain an action against the defendants in such decree.

5. Because the verdict of the jury was contrary to law, and contrary to evidence, and without evidence, as the decree was rendered for only two hundred and fifty-two dollars and sixty-three cents, and there being no evidence that the plaintiff ever paid any costs, "in the first instance," as said decree required.

The Court overruled the motion for a new trial, and error is assigned upon this decision, and a reversal of the same asked for.

GARTRELL & HILL, for the plaintiff in error.

GLENN & COOPER, for the defendants in error.

*By the Court.*—LYON, J., delivering the opinion.

The demurrer to the exemplification was properly overruled.

1. The fact that two of the defendants in that proceeding were non-residents of the State of Tennessee, did not deprive the Courts of that State of jurisdiction, they having appeared and answered and been heard in the cause. That fact, in the absence of anything else, gave that Court jurisdiction to bind them personally by its judgment.

2. The decree rendered in an equity cause is the judgment or sentence of that Court, and no other is necessary, or can be had.

3. The decree was against the defendants in this cause; that the order of the firm-name was transposed did not the less render the decree effectual against the defendants, either as individuals or partners.

The amount of the decree, on which suit was brought, was $252.63; the verdict of the jury was for $292.93—being $20.30 in excess of the decree. This excess was, no doubt, intended by the jury to cover the amount of the costs of the proceeding in the State of Tennessee; but as the record brought here does not show that to be the fact, the verdict, in so much, was contrary to evidence, and the plaintiff must remit the same from the finding, or a new trial must be granted on that ground. If the $20.30 be remitted, judgment must be affirmed.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed, upon the condition that the plaintiff therein remit, on or before the first day of the next term of the Superior Court of Fulton county, the sum of twenty dollars and thirty cents, from the principal sum, as there was no evidence before the jury to support that amount of the finding; and in case the plaintiff fails to remit, that a new trial be had in the Court below, on, that ground.