Shaifer & Co., *vs.* Baker & Caswell.

BARNES & CUMMING, (per L. STEPHENS,) for defendants in error.

---

A. C. SHAIFER & Co., plaintiffs in error, *vs.* BAKER & CAS-
WELL, defendants in error.

1. In an affidavit filed to prevent an award from becoming the judgment of the Court, under the Code, it is not sufficient to state, in general terms, that the award is the result of accident, mistake or fraud, or is generally illegal ; the affidavit must state such facts of fraud, accident or mistake, or designate such illegality as that the Court may see that a mistake, etc., did, if the statement be true, occur, and that it was material to the issue.

2. When the issue, in an arbitration, was the identity of certain bales of cotton, and two written certificates of the same person, a marker and weigher, were introduced, one describing the cotton as marked " C" and the other " C O" and no explanation is made of the discrepancy, it was not mistake or illegality in the arbitrators to " set aside" or give no weight to the certificate.

Objections to award. Demurrer. Decided by Judge GIB-
SON. Richmond Superior Court. July Adjourned Term,
1867.

Baker & Caswell was the name of two firms, for conve-
nience, called here, the old and the new firm. A. C. Schaifer &
Co., disagreed with these firms, concerning the sale of, account
and reclamations on, thirty-five bales of cotton, shipped to
them by the old firm, and concerning a draft drawn by them
on the new firm for $457 91, which the new firm refused to
pay, till there was a settlement with the old firm. There-
fore, A. C. Schaifer & Co., and the firms submitted to ar-
bitration, under the provisions of our Code, the following
questions: 1st. Whether the cotton sold by A. C. Schaifer
& Co., was that shipped to them by the old firm : 2d. Wheth-
er the old firm owed them for reclamations on said cotton,
and if so, how much; and 3d. How much the new firm
owed them upon said draft, and agreed that the award should
cover the whole matter. What was the evidence before the
arbitrators does not appear, except inferentially, by inspec-
tion of the reasons given by them for the award. They
found that the cotton sold by A. C. Schaifer & Co., as per
sales rendered, was not that shipped to them by the old firm,
because of the unusual loss of weight, because the original
sales, dated 3d March, 1866, and rendered 18th July, 1866,
designated the cotton as marked C, as did also, the certificate
of Arnold Brothers, weighers, dated 17th July, 1866, and the
certificate of P. Corcoran, dated the same day; because A.
C. Schaifer & Co., on the 5th of December, 1866, wrote the
old firm : "The cotton is marked 'G' and is so plain you can
recognize your identical mark on the bales;" whereas, the
original bill-of-lading and invoice, sent by the old firm to A.
C. Schaifer & Co., showed that the mark was "C O," and
on the 14th of March, 1867, M. B. Arnold, weigher, certified
that the mark was "C O." They then said because of this
conflict they rejected this last named certificate, as also, one
by P. Corcoran, mender and picker, dated 13th March, 1867,
(what this was does not appear.) They further found that

A. C. Schaifer & Co., owed the old firm $609 48, that the new firm owed said draft, which should be counted as a set off, and that A. C. Schaifer & Co. should pay the old firm the difference, in full settlement of the matters in dispute.

When this award was entered upon the minutes of said Court, A. C. Schaifer & Co. objected to its being made the judgment of the Court, upon the following grounds : 1st. Because the arbitrators allowed an apparent conflict in the testimony of some of the witnesses, as to the mark, to make them discard their evidence altogether, and upon this ground principally, made said award, when the evidence, taken as a whole, showed that it was the same cotton : 2d. Because the award was the result of a mistake of the evidence and its li-. gitimate force and bearings : And 3d. Because the award was contrary to the law and evidence.

The attorney for Baker & Caswell demurred to said objections, upon the ground that they were not such as were allowed by the statute. The Court sustained the demurrer, and allowed the award made the judgment of the Court. Of this the attorneys of A. C. Schaifer & Co., are here complaining.

Hook and Carr, for plaintiffs in error, cited the Code, Secs. 4183–4–5. *King vs. Armstrong,* 25th Ga. R., 264. 29th Ga. R., 495.

F. H. Miller, W. Hope Hull, for defendants in error, cited Billings on Awards, s. p. 60, 61, 63.

McCay, J.

Section 4184 of Irwin's Code, taken in connection with section 4183, provides, that when an award has been made, either of the parties may prevent its becoming the judgment of the Superior Court, by "pleading" under oath, that it is the *result* of accident, or mistake, or fraud, of some one or all of the arbitrators or parties, or is otherwise illegal. Section 3400 of the Code provides, that all " pleas " shall plainly and distinctly set forth the defence. Section 4185, provid-

Shaifer & Co., *vs.* Baker & Caswell.

ing for the trial of such issues as this, contemplates that there shall be "specifications" of the accident, fraud, etc. Under these sections, it is plain that it was the intent of the Legislature to provide for some more precise issue than a mere general charge of "fraud, accident, mistake, or illegality."

How can it appear that the award is the *result* of the mistake, unless the facts are set forth? There may have been a mistake which was altogether immaterial, and the same of an accident or a fraud. Nothing is better settled than that Courts will not undertake to investigate mere general statements of this character. There must be a statement of facts, a setting forth of the circumstances, so that the Court can say, that if the facts are true, the mistake did occur, and was material. The affidavit must be such as that, if the other party should not deny it, the Court can intelligently pronounce that the award was the result of the fraud, accident or mistake charged.

Men differ so much about such things that there is hardly a case in which the losing party would not be ready to make such general statements.

An award is the judgment of men chosen by the parties, and their judgment ought not, except for good reasons, to fail to be final. The law favors arbitrations, and to allow the judgment to be arrested, and the matter re-investigated by a jury, on such loose charges, would be to fritter away the arbitration law entirely.

We are inclined to think that a finding strongly and decidedly against the evidence would be "illegal," but the facts must be set forth, so that the Court may see that the charge is true.

2. In this case the substance of the facts stated is simply that, to a certain portion of the evidence the arbitrators did not give as much weight as the losing party thinks they ought to have done. The whole is not set forth, and we are unable to say that the award was the *result* of that.

We think that the statement in the award, that the arbitrators " set aside " certain certificates, does not mean that they ruled them out, but that in consequence of their being

contradictory to other statements made by the same parties, they gave them little weight, and we agree with them. Yet, if we did not, we do not think that, for that reason, the effect of the award should be held as nothing. It is not a mere difference in the judgment the Court may have upon the facts, that would constitute "mistake or illegality." It must be such an error, in judgment, as to shock one of proper judgment—be strongly and decidedly against the evidence.

Judgment affirmed.