HIRAM TISON, plaintiff in error, *vs*. STEPHEN A. SELLARS, administrator, defendant in error.

Where there is a suit pending in any Court of this State, the parties may, under a rule of the Court or by agreement in writing, submit the dispute to arbitration, and to any number of arbitrators, and their award may be made the judgment of the Court where the suit is pending, even though the proceedings have not complied literally with the provisions of title 28, chapter 1st, of the Code, since such an award is not strictly under the system provided by that chapter.

Arbitration. Jurisdiction. Before Judge JOHNSON. Schley Superior Court. April Term, 1870.

The parties aforesaid entered into the following submission to arbitration, which was subscribed by them :

"Stephen A. Sellars, administrator, *de bonis non*, of Richard Sellars, deceased, *vs*. Hiram Tison and William A. Black, security :

" GEORGIA, SCHLEY COUNTY :

" Whereas, There is a certain matter of controversy in the Superior Court of said county, wherein Stephen A. Sellars as administrator, *de bonis non*, of Richard Sellars, deceased, is complainant, and Hiram Tison and William A. Black, are defendants, all of said county, wherein said Stephen A. Sellars as administrator, as aforesaid, claims that said Hiram Tison, as principal, and said William A. Black, as security, are indebted to him the sum of twenty-five hundred and seventy-five dollars by the consideration, order and judgment of said Court, which is founded upon a promissory note due the 25th day of December, 1860 ; the consideration of which note is the purchase price for lot of land number twenty-six, in the thirtieth district of originally Lee, now

Tison *vs.* Sellars.

said county of Schley, which land was sold by one Jacob M. Sellars, as the administrator of said Richard Sellars, deceased, and that the same was purchased by said Hiram Tison, that the whole of said purchase-money is due and unpaid, that the Vendor's lien exists, and should be set up and declared for the whole of said purchase-money, and that the land be sold for the satisfaction of said lien. And whereas, the said Hiram Tison and said William A. Black, contend and plead that they are entitled to the benefit of the relief afforded by an Act for the relief of debtors, and the adjustment of debts upon principles of equity. Now they, the said parties aforesaid, do covenent and agree to leave said matters in controversy, to the arbitrament and award of M. H. Blandford, chosen by Stephen A. Sellars, administrator as aforesaid, and Barnard Hill, chosen by said Hiram Tison and said William A. Black, and B. B. Hinton, to be chosen by them, the said arbitrators. And said arbitrators shall have full power to adjust said matters by directing a sale of said land, with or without the vendor's lien as they may determine, or by cancelling, annulling or setting aside said conveyance or sale of said land to said Hiram Tison, and vesting the title in the estate of the said Sellars, upon such terms as said arbitrators may impose on said parties, which award and decision of said arbitrators may be made up and rendered at any time before the next October Term of said Schley Superior Court. All this without further notice to either of us of the time and place of the sitting and hearing of the same by said arbitrators, and the award when made, be made the judgment of said Superior Court.

" Witness our hands and seals, this the 20th day of May, 1869."

On the 8th of September, 1869, said Blandford, Hill and Hinton made an award under said submission. It is headed "Georgia, Schley County," refers to the submission, (a copy of which they attached,) recited that one of the parties had chosen Blandford and the other had chosen Hill, and that Blandford and Hill had authority, under the submission, to

select a third arbitrator, and on that day had "met in Buena-Vista, in said county of Marion, and made full choice of ...... Esq., as such third arbitrator," and that thereupon the three made an award as follows, substantially: That Sellars had a valid vendor's lien against said land for the payment of the purchase-money, and that Tison should give up said land to Sellars, administrator, when the crop was gathered, and his deed from Sellars, administrator, be cancelled so as to vest the title of said land in said estate; that the judgment be entered satisfied upon Tison's paying the costs on it; that the bill be entered settled at complainant's costs, and that this award be made the judgment of the next Superior Court of Schley County.

At said term of Schley Superior Court, Sellars, as such administrator, presented said submission and award to the said Court, and prayed to enter it upon its minutes. Tison's counsel objected upon the grounds: 1st. That because the award was made in Marion county, there was no jurisdiction in Schley Superior Court. 2d. Because it did not appear that the arbitrators were sworn as required by law, before they made the award. 3d. Because it did not appear that Tison had been served with a copy of said award, or that he had waived a copy; and 4th. Because said submission is not under the Act of 1856, but a submission and award under the common law. These objections were overruled and the submission and award were ordered to be entered upon the minutes of Schley Superior Court. The overruling of each of said objections is assigned as error.

E. H. WORRILL, S. H. HAWKINS, for plaintiff in error.

M. H. BLANDFORD, B. HILL, for defendant.

McCAY, J.

Although it is not expressly stated in the submission in this case that it was of the matters in controversy in a pending suit, yet it is a fair inference from the recital and the award that such was the fact. Section 4190 of the Revised Code

Tison *vs.* Sellars.

permits the reference of any such matter, either by order of Court or other agreement, in writing, and makes no special provision as to the number of arbitrators, or as to the mode of proceeding. This section forms a part of Chapter 2d of the Title in the Code devoted to arbitrations, all of which chapter is intended to permit arbitrations to be had at the option of the parties, either in the mode and with the consequences prescribed in Chapter 1st, or as was usual before the Act. We think this is not an arbitration under Chapter 1st, Title 28, Pt. 3d of the Code, and that it was properly made the judgment of the Court before which the suit was pending, as provided by section 4190 of the Code. That Court has control of the parties to the suit, and will see to it that proper reasonable steps have been taken, and that the award is not illegal, as is usual with Courts in such cases.

Judgment affirmed.