547    *WM. TOMLINSON, et al., plaintiffs in error, v. WILLIAM M. HARDWICK et al., defendants in error.

(Atlanta, January Term, 1871.)

ARBITRATION AND AWARD*—EXCEPTIONS TO AWARD —TESTIMONY MUST BE SET OUT IN FULL†—WHAT RECORD MUST SHOW—IF EVIDENCE TO SUSTAIN AWARD EXCEPTIONS DEMURRABLE.‡—Exceptions to an award, on the ground that it is contrary to the testimony before the arbitrators and, therefore, illegal must set out the testimony in full and the record

---

ARBITRATION AND AWARD—SETTING ASIDE—PROOF OF FRAUD—ACCIDENT OR MISTAKE.—"It requires strong proof of fraud, accident or mistake, or any fact which would make the award illegal to justify a jury in setting aside an award. Overby v. Thrasher, 47 Ga. 23. Neither error of judgment on the part of arbitrators will justify the setting aside of an award, nor mistake of fact, unless gross and palpable. Anderson v. Taylor, 41 Ga. 10; Overby v. Thrasher, 47 Ga. 23. An award should not be disturbed but for strong reasons which are plainly shown to exist. Tomlinson v. Hardwick, 41 Ga. 547; Overby v. Thrasher, 47 Ga. 22. The mere weight of testimony is not sufficient for the jury to infer mistake and set aside the award. Hardin v. Almand, 64 Ga. 594." Bates v. British American, etc., Co., 100 Ga. 253, 28 S. E. Rep. 155.

See, citing the principal case, Hardin v. Almand, 64 Ga. 594; Overby v. Thrasher, 47 Ga. 22. See foot-note to Anderson v. Taylor, 41 Ga. 10; Sharp v. Loyless, 39 Ga. 7; Jones v. Payne, 41 Ga. 23.

†SAME—EXCEPTIONS TO AWARD—TESTIMONY MUST BE SET OUT IN FULL.—Where numerous objections are filed to an award on the ground that the award was the result of accident or mistake or fraud of some one or all of the arbitrators or parties or is otherwise illegal, all of which objections are, in effect, objections because the award is contrary to evidence or the weight of evidence, the testimony submitted to the arbitrators should be before the court to enable it to pass intelligently upon the objections made. Nor will the fact that the objections were demurred to for insufficiency dispense with this. Akridge v. Patillo, 44 Ga. 585, citing the principal case.

"As one of the grounds relied on by the defendants, on which to set aside the award was that it was contrary to evidence, the evidence should not only be produced, but the record should show that it is all that the arbitrators had before them. Tomlinson v. Hardwick, 41 Ga. 547; Anderson v. Taylor, 41 Ga. 16." Overby v. Thrasher, 47 Ga. 21.

‡SAME—SETTING ASIDE—WHERE THERE IS EVIDENCE TO SUSTAIN AN AWARD.—Inasmuch as an award is vitiated by nothing save fraud, accident or mistake and therefore not by a mere error of judgment on the part of the arbitrators, either as to the law or the evidence, an award cannot be set aside as being contrary to evidence if there is any evidence to sustain it. Osborn v. Blanton, 109 Ga. 196, 34 S. E. Rep. 306, citing the principal case.

such a case of contrariety to the evidence in the award as to require the interference of fraud, accident or mistake in the arbitrators. If there be any evidence to sustain the award the exceptions will be demurrable.

Arbitration. Bill of Exceptions. Before Judge Clark. Sumter Superior Court. November Term, 1870.

William Tomlinson and his brothers and sisters, children of Jared Tomlinson, filed a bill against Styes as to the north half of a lot of land in said county, which they claimed to hold under their father; and William M. Hardwick and George Slappey had a controversy with said complainants as to the south half of said lot. In both, the title and right of possession were in controversy. They all agreed to submit these matters to arbitration, with power in the arbitrators to award to whom said title and right of possession belonged. The arbitrators, by a majority only, awarded the title and right of possession to said Tomlinson. This award was entered upon the minutes of the Court, and counsel for the opposite parties excepted thereto upon the sole ground that the award was illegal, because grossly contrary to the evidence, and set out all the testimony (as they said in the exceptions,) to demonstrate that. These exceptions were demurred to as being too general. The Court overruled the demurrer, and of that complaint is made here. For so much of the evidence as is necessary see the opinion.

(This evidence was not set out except in the copy of the record sent up. When the cause was called here, counsel for defendant moved to dismiss the bill of exceptions, because the evidence was not in it; but the Court held it was a part of this record and overruled the motion.)

C. T. Goode, N. A. Smith, for plaintiffs in error, replied on Irwin's Code, sec. 4184; 12th Ga. R., 469.

548 *Hawkins & Burke, A. R. Brown for defendants.

McCAY, Judge.

It is no longer a mooted question before this Court, that an award is final and conclusively between the parties, unless exceptions are filed, according to secs. 4183, 4184 of the Revised Code. We have intimated in the case of Shaifer v. Baker & Carswell, 38 Ga., 138, that an award might be illegal, under this section of the Code, if it should be so contrary to the testimony as to require an interference, that it was corrupt, or founded on gross mistake of fact or law, and we are still of that opinion. But as we have held in the cases above alluded to, the exceptions must so set out the case as that the Court can say, "if this be true, the award is illegal." The losing party in this case seem to have fairly understood what was incumbent upon them, and the exceptions set out in detail the evidence before the arbitrators, wit an affidavit by one of the parties, that this is all.

The question then is, does this evidence show so strong a case for Hardwick and Styles as to require the Court to say these arbitrators must have either been corrupt, or they have so mistaken the law and the facts as to make their award illegal? It is not a mere error in judgment that we allude to, they must have been mistaken—been under a delusion. The gaining party, through their father and themselves, had been in possession without interruption for twenty-four years, they were in possession of a part at the trial. Styles, the defendant, had got into possession, by writing, from them. It is true, it was proven that the father of the young Tomlinsons had been put in possession by Dr. Tomlinson, his nephew, who originally owned the land, and the young people did not pretend to set up any title, except as successors to their father. But it appeared that Dr. Tomlinson had never interferred with the possession since the death of the old man, in 1853, and one of the witnesses swore they had been holding adversely since their father's death. Besides, there was no proof, as appears from the exceptions, that Styles claimed *under Dr. Tomlinson, nor does even Hardwick show this. He claims under Collins, trustee, but there is shown no connection between Collins, trustee, and Tomlinson.

Styles, too, is proven to have gone in as tenant of the young Tomlinsons. How does he get the right to set up a claim adversely to those who gave him the possession? With this long possession, and this adverse claiming for so long a time, and with the fact that it does not appear that Styles and Hardwick claimed under Dr. Tomlinson, we cannot say that this award must be either corrupt, or founded on so gross a mistake of the law or facts as to be illegal. We think, therefore, the demurrer ought to have been sustained, and the award should have been made the judgment of the Court.

If mere errors in judgment—mere differences of opinion, as to the effect of evidence, or even as to the doubtful questions of law, are to be a ground for setting aside awards, then an award is, under the statute, only a mode of commencing a suit—not the end, but the beginning of litigation.

It is going very far, under the authorities, to permit any attack upon an award on the ground that it is contrary to the evidence, but whilst we, nevertheless, have gone this far, we think the case must be a very strong one—one that shuts the Court up to the inference of fraud or gross mistake.

Judgment reversed.