## KING vs. DAVIDSON.

A case pending in Richmond superior court was, by consent of parties and order of the court, referred to the decision of a referee, who should pass upon all questions of law and fact, with instructions that he return a decision or award to the next term of the court, to be entered of record and stand as the judgment of the court in said case. By subsequent order, another term was allowed for the return of the award. On the hearing before the referee, he decided in favor of the plaintiff. Before filing the award, it was submitted to the defendant, and thereupon the latter served a notice upon the referee, "that in consequence of an inability to agree upon the terms of the order of reference in the case, the defendant would apply to the judge of the superior court, on the 24th of April, or as soon thereafter as counsel can be heard, for a continuation of said order or a vacation of the same, as the case may be, upon sufficient legal grounds." The award was filed, and counsel for plaintiff moved for an order making it the judgment of the court. No exceptions were filed, but on motion of defendant the court granted an order which recited that the referee had misconstrued the order of reference, and thereupon vacated the same and the award returned thereunder, and ordered that the cause be placed on docket for trial:

*Held,* that such order was error.

(*a.*) Where, as in this cause, a reference is made under the act of 1799, the award is not entered upon the minutes prior to the filling of exceptions. Upon its return, the proper motion is that it be made the judgment of the court. If any exceptions are made, they should then be considered and decided before further action is taken. If any exception vitally affecting the award is sustained, the latter should be set aside ; otherwise, the motion to make it the judgment of the court should be granted. It is entered upon the minutes only as a part of the judgment.

(*b.*) Under the arbitration act of 1856 (Code §4225 *et seq.*), after the return of the award, it is entered upon the minutes in order to give the court jurisdiction, and after it is so entered, exceptions may be filed thereto.

(*c.*) The act of 1876 merely prescribed where entries of awards on the minutes should be made, but did not require entries of awards not already required to be placed on the minutes.

December 19, 1882.

Arbitrament and Award. Practice in Superior Court. Before Judge SNEAD. Richmond Superior Court. April Adjourned Term, 1882.

Reported in the decision.

JAS. S. & E. B. HOOK, for plaintiff in error.

J. S. & W. T. DAVIDSON, for defendant.

SPEER, Justice.

The plaintiff in error brought suit against the defendant on a promissory note. To this action the defendant pleaded the general issue, and at the April term, 1881, a consent order was agreed on and taken, whereby all questions of law and facts in said case, were referred to the decision of a referee, and F. H. Miller, Esq., was selected as such referee, and the instructions were, " that he return his decision or award to the (then) next October term of the court, to be entered of record, and stand as the judgment of the court in said cause." Afterwards the order of reference was extended and enlarged, so as to permit the return of the award to the next April term of the court. The hearing was had before the referee in February, 1882, and after amendment of pleadings, by consent, and hearing all the evidence on both sides, the decision of the referee was made in favor of plaintiff for the amount claimed, with interest thereon. After the referee had made his award, but before it was filed, it was submitted to the defendant. Whereupon he served a written notice upon the referee, "that in consequence of an inability to agree upon the terms of the order of reference in the case, the defendant would apply to the judge of the superior court,

on the 24th of April inst., or as soon thereafter, as counsel can be heard, for a continuation of said order, or a vacation of the same, as the case may be, upon sufficient legal grounds."

The report of the referee being filed soon thereafter, counsel for plaintiff moved anordermaking the award of the referee the judgment of the court. This motion was refused, and in the absence of all exceptions filed to said award, by the defendant, the court, on mere motion, granted an order reciting "that said referee misconstrued said order of reference," that was taken by consent, and directing said order of reference, and the report made thereon, to be set aside, and the cause to be placed upon the docket of the court and stand for trial at the next October thereafter. To which refusal to make said award the judgment of the court, and in vacating and setting aside said order of reference and decision of the referee, plaintiff excepted.

This award was made (being a case pending in court, and referred by its order) under the judiciary act of 1799, and not under the arbitration act of 1855–6. Code, 4249. An arbitration and award under the act of 1799 is not entered upon the minutes of the court, as is required by the arbitration act of 1855–6, prior to the filing of exceptions thereto. The proper motion on the return of such an award is to make it the judgment of the court, and if any exceptions are made, they should then be considered and decided before any further action is taken. If the exceptions, or any of them, are sustained, that vitally affect the award, it should be set aside; otherwise, the motion to make it the judgment of the court should be allowed; and it is only in this way—the judgment reciting the award and thus making it a part of the judgment—that the award is entered upon the minutes of the court. It goes upon the minutes as a judgment, and not merely as an original award.

On the other hand, an arbitration and award under the act of 1855–6, on the return of the same into court, goes

upon the minutes, for the purpose of giving the court jurisdiction of the case, and after it is so entered, exceptions may then be filed to the same. 25 *Ga.*, 65. In this case, being a case pending in court, and referred by its order, and with the consent of parties, to a referee, it was the duty of the defendant to have filed exceptions, if any he had, to said award; and on failing to do so, on motion, it was proper to order it to be made the judgment of the court.

There being no objections filed to this award, we see no reason why the court should not have granted the motion to make the same the judgment of the court. The court, on the contrary, on motion of defendant, set aside said rule of reference and vacated said award upon the ground "that the referee misconstrued said order of reference." The order of reference was made with the consent of the parties, and duly placed on the minutes, and referred both questions of law and fact to the referee. Under it, the referee proceeded to hear the evidence, and rendered a decision both upon the law and facts, and we find no error in his construction of the order of reference; nor do we find any error in his decision, upon the law and facts as submitted to him.

To an award thus made, a mere suggestion in the form of a notice to the referee, that "he had misconstrued the order of reference," without stating wherein or in what respect, in our opinion is no sufficient ground of exception for vacating or setting aside the award, and especially when, after the most careful examination, we are at a loss to determine how, or in what manner the referee has so misconstrued the order of reference.

Awards are to be favored by the courts, as they are designed to terminate controversies, and they should be sustained when made in conformity to law, unless vicious or defective for some manifest cause, properly made known to the court.

The act of 1876, relied upon by defendant in error and embodied in section 4242 of the Code, does not change

the rule above prescribed as to entering awards upon the minutes. The object of that act was simply to define in what courts and counties such entries shall be had. It declares that awards made upon cases pending in any court of this state shall be entered on the minutes of the superior court where said suit is pending. Those awards made under the act of 1855–6 (Code, 4225), shall be entered on the minutes of the superior court of the counties where the parties reside against whom the award is rendered, if residents of the state, and if not such residents, in the county where the award was made. In view of the facts as they appear, we think the court erred in not allowing the motion of the plaintiff to make the award of the referee the judgment of the court, and in vacating the order of reference and setting aside the award.

Judgment reversed.