### KING vs. DAVIDSON.

[Jackson, Chief Justice, did not preside on account of providential cause.]

This case is concluded by the judgment when it was here before (69 *Ga.*, 708), and the matter is *res adjudicata*. After the remitter had been returned from this court and made the judgment of the court below, it was error to allow exceptions to be filed by defendant. They came too late, and final judgment should have been granted for the plaintiff.

Judgment reversed.

December 4, 1883.

BLANDFORD, Justice.

[When this case was formerly before the superior court, the judgment was as follows:

"The above stated case having been referred to a referee, and his report having been returned to the court, and it appearing that said referee misconstrued the order of reference taken by consent, and it further appearing that counsel will (not?) agree upon another order of reference, and it further appearing that counsel for plaintiff objected to said case being referred back to the referee with the order enlarged so as to express the intention of this court in the original order of reference: It is ordered that said order of reference be set aside, and also that said case be placed upon the docket of this court, and stand for trial at October term, 1882."

This judgment was reversed (See 69 *Ga.*, 708). The remitter states that the court below "erred in vacating the order of reference, and setting aside the award, and not ordering the same to be made the judgment of the court."

When the judgment of the Supreme Court was made the judgment of the court below, the defendant filed certain exceptions to the award. Plaintiff moved to strike them, and to make the award the judgment of the court. This was refused, and plaintiff excepted.] . . .