CULBRETH, administrator, *et al.* v. SMITH.

No. 15709. APRIL 15, 1947.

J. B. *Copeland,* for plaintiffs.

H. B. *Edwards* and H. B. *Edwards Jr.,* for defendant.

HEAD, Justice. (After stating the foregoing facts.) ■ Under art. 6, sec. 2, par. 4 of the Constitution of 1945, the Supreme Court, and not the Court of Appeals, has jurisdiction "in all cases respecting title to land." The arbitration proceeding in this case was dealing solely with the title to land, and falls squarely under the constitutional provision that the Supreme Court has jurisdiction in cases respecting the title to land.

■ The plaintiffs in error contend that the award of the arbitrators in this case could not be made the judgment of the court. This contention is clearly without merit. A case pending in court, and referred to arbitrators by agreement of the parties, comes under the Judiciary Act of 1799 (Code, § 7-224), and not under the Arbitration Act of 1856 (Code, §§ 7-201 to 7-223, inclusive), which applies only to cases originating out of court. This rule is clearly stated in *Walker* v. *Walker,* 25 *Ga.* 65. In *Tison* v. *Sellars,* 40 *Ga.* 710, it was held: "Where there is a suit pending in any Court of this State, the parties may, under a rule of the court or by agreement in writing, submit the dispute to arbitration, and to any number of arbitrators, and their award may be made the judgment of the court where the suit is pending, even though the proceedings have not complied literally with the provisions of title 28, chapter 1st, of the Code [Act of 1856], since such an award is not strictly under the system provided by that chapter."

In the present case, the parties in an equitable cause for injunction and other equitable relief by agreement in writing submitted to arbitrators the one controlling question, the ownership

of the land. The plaintiffs alleged themselves to be the owners. This allegation was denied by the defendant, who alleged title in himself. It appears that the arbitrators were sworn and made their award in writing and that it was duly returned into court. Under the Judiciary Act of 1799 (Code, § 7-224) the award might properly be made the judgment of the court. *Walker* v. *Walker,* supra; *Walker* v. *Walker,* 25 *Ga.* 259; *Tison* v. *Sellars,* supra; *Hardin* v. *Almand,* 64 *Ga.* 582; *King* v. *Davidson,* 69 *Ga.* 708; *Hall County* v. *Smith,* 178 *Ga.* 212 (172 S. E. 645).

■ The plaintiffs' exceptions—on the grounds that "(1) the arbitrators failed to swear the witnesses and took no evidence under oath; (2) because the evidence taken by the arbitrators, although not under oath, demanded a finding in favor of the plaintiffs"— cannot be sustained under the record before us. A careful examination of all the testimony set out in the bill of exceptions, which plaintiffs contend demands a finding in their behalf, does not identify or describe any certain lands. Such testimony tends to establish the place where Springhead Branch empties into the river, and that the plaintiffs owned land on one side of the branch and the defendant on the other. The testimony, if otherwise valid, is too uncertain as to the description and location of the lands claimed by the plaintiffs to authorize any finding favorable to them. The agreement submitting the question of title to arbitration provides: "The three arbitrators are authorized to examine into the facts with respect to the title to said tract of land, and to go upon the premises and inspect the same, and to reach a decision as to whether or not the parties of the first part or the party of the second part, as the case may be, own said tract of land in dispute." Under this agreement, the arbitrators were not bound to hear any evidence, under oath or otherwise, but were authorized to make a finding as to the ownership of the lands based upon an inspection of the premises. Under the authority granted "to examine into the facts," the arbitrators could make surveys, examine the deed records and the pleadings, and by examination of the premises make a finding as to the ownership of the property in dispute. There being no requirement that they hear witnesses, under oath, and the bill of exceptions not showing that they did not make any examination of the premises, or otherwise investigate the title, this court will not hold, as a matter of law, that there was no evi-

dence to support the award made. As was said in *King* v. *Davidson,* supra, "Awards are to be favored by the courts, as they are designed to terminate controversies, and they should be sustained when made in conformity to law, unless vicious or defective for some manifest cause, properly made known to the court." The award in this case was made in substantial compliance with the Judiciary Act of 1799, and is not defective for manifest cause. Nor does the evidence set forth "require the inference of fraud, accident, or mistake in the arbitrators." *Tomlinson* v. *Hardwick,* 41 *Ga.* 547.       *Judgment affirmed. All the Justices concur.*