34185. WHALEY *v.* ELLIS *et al.*

DECIDED SEPTEMBER 19, 1952.

*J. Paxson Amis,* for plaintiff in error.

*Mitchell & Mitchell,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Code § 7-224 provides as follows: "In all matters submitted to arbitration by parties in a suit, under a rule of court, or other agreement in writing signed by the parties (except as hereinbefore provided) judgment shall be entered up by the party in whose favor the award is given, and execution shall issue for the sums awarded to be paid as they respectively become due, and to be levied on the property of the party against whom the judgment shall have been entered up, and such other proceedings shall be had thereon by the court as in cases of judgments entered upon verdicts of juries."

This Code section is a part of the Judiciary Act of 1799, and is separate and distinct from the Arbitration Act of 1856 (Code, §§ 7-201 to 7-223 inclusive). *Culbreth* v. *Smith,* 202 *Ga.* 102 (2) (42 S. E. 2d, 432). The proper procedure under Code § 7-224, where in a case pending in court the controlling issue has been referred to an arbitrator to determine by consent of the parties under an order of court, is, upon the return of such award, to make a motion that it be made the judgment of the court in the case, and if any exceptions are made they should then be considered and decided before further action is taken. If there are no exceptions vitally affecting the award, the motion

should be granted and judgment entered according to the award. *King* v. *Davidson,* 69 *Ga.* 708 (a). It does not appear from the record that no proper motion to enter up judgment was made, but it does affirmatively appear that prior to entering up judgment the defendant introduced evidence and the case was argued. No exceptions were filed to the survey or the report thereof, and the only assignment of error in the bill of exceptions is as follows: ". . to which said judgment granting the line as established by R. E. Smith to become the judgment of the court the defendant then and there excepted and now excepts and assigns the same as error as being contrary to law and the evidence in the case, and says that the said judge then and there should have remanded the case to a jury with the report of the said R. E. Smith to be introduced in evidence, subject to objections, and as provided by law." The judgment of the court was not contrary to law for any reason assigned. As stated in *Tison* v. *Sellars,* 40 *Ga.* 710, 713: "Although it is not expressly stated in the submission in this case that it was of the matters in controversy in a pending suit, yet it is a fair inference from the recital and the award that such was the fact. Section 4190 of the Revised Code [Code § 7-224] permits the reference of any such matter, either by order of court or other agreement, in writing, and makes no special provision as to the number of arbitrators, or as to the mode of proceeding." The order of court here expressly stated that the parties agreed to be bound by the survey, and the line as established by the survey and report would be the line between the property of the parties. This was the only issue in the case. Further, it was admitted by the pleadings of both parties that the true line between them was the *original* land lot line between land lots 77 and 78. No exception was made to the survey on the ground that it did not properly locate this *original* land lot line, and the plaintiff's evidence merely tends to show another dividing line as established by possession and acquiescence. It follows therefore that no valid objections were raised to the surveyor's report. The assignment of error in the bill of exceptions that the case should have been remanded to a jury is without merit under the express provision of Code § 7-224 that ". . judgment shall be entered up by the party in whose favor the award is given . .

and such other proceedings shall be had thereon by the court as in cases of judgments entered upon verdicts of juries."

Counsel for the plaintiff in error relies principally upon *Cliett* v. *Metropolitan Life Ins. Co.*, 195 *Ga.* 257 (24 S. E. 2d, 59) and *Clare* v. *Drexler*, 152 *Ga.* 419 (12) (110 S. E. 176). In both these cases it is expressly pointed out that the parties, in agreeing to submit the case to a surveyor for the purpose of running a line, did not submit the issues to him as an arbitrator or umpire, and did not agree to be bound by the results of the survey. These cases, therefore, were not submitted for arbitration under the provisions of Code § 7-224. Both cases, however, indicate that where, as here, parties to a suit agree to abide the result of such survey, they will be bound thereby.

The trial court did not err in entering up final judgment in favor of the plaintiffs.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*