36553.   WOOD *v.* WESTERN & ATLANTIC RAILROAD.

DECIDED FEBRUARY 22, 1957.

*Ben F. Smith, Pittman & Greene,* for plaintiff in error.

*Sam J. Welsch,* contra.

GARDNER, P. J.   Counsel for the plaintiff stated in the argument that while they do not argue the general grounds, these grounds are not abandoned, but on the contrary they are insisted on.

■   So far as the general grounds are concerned they are without merit under the record of this case.

■   The first point argued in relation to the special grounds is that the court should have granted a nonsuit rather than a directed verdict.   The principle of a nonsuit has been discussed many times by the appellate courts.   Generally speaking, if a plaintiff does not make out his case as alleged and there is no conflicting evidence or admissions from the opposite party, a nonsuit is proper, and in such event the plaintiff may again bring the suit on the same cause of action in a different way.   It is contended by the plaintiff that the defendant did not introduce new evidence.   We have read the record and find that during the progress of the trial the defendant, in its answer, made a tender and a continuing tender of the $150 and further, during the progress of the trial the defendant paid this $150 into court.   This ground is without merit for the reason that evidence was presented, and furthermore evidence was not necessary, in view of the fact that the motion for new trial contained admissions by the plaintiff covering the subject matter.   See *Carver* v. *Carver,* 199 *Ga.* 352 (34 S. E. 2d 509), and *Dinkler* v. *Baer,* 92 *Ga.* 432 (4) (17 S. E. 953).   Code § 38-402 provides: "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other."

We come next to discuss the arbitration phase of the case. In *Culbreth* v. *Smith*, 202 *Ga.* 102, 105 (42 S. E. 2d 432) the Supreme Court said: "As was said in *King* v. *Davidson*, supra, [69 *Ga.* 708] 'Awards are to be favored by the courts, as they are designed to terminate controversies, and they should be sustained when made in conformity to law, unless vicious or defective for some manifest cause, properly made known to the court." See *Tinsley* v. *Maddox*, 176 *Ga.* 471 (1) (168 S. E. 297) wherein the court stated: "Arbitrations are favored by the courts. They are introduced by law to end litigation." There are many other decisions to the same effect. There is nothing irregular or vicious or defective in the arbitration now under consideration. We might add here that a party dissatisfied with an award can not impeach it by some remark or remarks made by an arbitrator after the award has been rendered. See *Eberhardt* v. *Federal Ins. Co.*, 14 *Ga. App.* 340 (80 S. E. 856). This special ground is without merit.

The court did not err in the judgment for any reason assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*