### 42997. HARDNETT v. U. S. FIDELITY & GUARANTY COMPANY et al.

WHITMAN, Judge. The appellees filed a motion to dismiss the appeal. The notice of appeal states that it is from the order of a Judge of the Superior Court of Fulton County on May 1, 1967, reversing the award of the full board of the State Board of Workmen's Compensation made March 22, 1966, said appeal also requesting the clerk to transmit to the Court of Appeals the aforementioned judge's written and signed order entered in this case on May 1, 1967. The record contains no order dated May 1, 1967, although it does contain an order dated May 3, 1967, with the description of the order, except as to date, as set forth in the notice of appeal. Nevertheless, under the decisions of *Walker v. Walker*, 222 Ga. 521 (150 SE2d 635), *Bowers v. Gill*, 222 Ga. 529 (150 SE2d 653), and *Olson v. Austin Enterprises, Inc.*, 116 Ga. App. 197 (156 SE2d 655), the appeal must be dismissed as the notice of appeal does not set forth a "judgment, ruling or order entitling the appellant to take an appeal" within the requirements of the Appellate Practice Act, Ga. L. 1965, pp. 18, 20, as amended (*Code Ann.* § 6-802).

Even though the form of Notice of Appeal-Civil Cases set forth in Section 20 of the Appellate Practice Act is a suggested form, it clearly contemplates as a mandatory requirement that the date of the order or judgment be set forth therein.

In an effort to remedy the deficiency, the appellant has filed a motion in the Court of Appeals praying for leave to file an amendment to his notice of appeal which would change the date of the order from which the appeal was taken from "May 1, 1967" to "May 3, 1967." This court has no authority to allow such an amendment. The filing of a notice of appeal in the manner and within the time prescribed by the Appellate Practice Act is necessary to confer jurisdiction upon this court. If a notice of appeal is not filed within 30 days from a "judg-

ment, ruling or order entitling the appellant to take an appeal" then this court has no jurisdiction from the outset and can do nothing to perfect a litigant's attempt to confer jurisdiction. *Interstate Fire Ins. Co. v. Chattam,* 222 Ga. 436 (150 SE2d 618).

The appellees' motion to dismiss the appeal must be and is granted.

*Appeal dismissed. Bell, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 7, 1967—DECIDED NOVEMBER 2, 1967—
REHEARING DENIED NOVEMBER 27, 1967.

*Charles E. Muskett, Charles E. Moore,* for appellant.
*O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins,* for appellees.