43531. HOOVER v. STATE HIGHWAY DEPARTMENT.

DEEN, Judge. "The notice [of appeal] shall set forth . . . a concise statement of the judgment, ruling or order entitling the appellant to take an appeal." *Code Ann.* § 6-802. The notice in this case fails to identify any final judgment appealed from otherwise than by stating that it is "the judgment entered in this action on November 7, 1967." The record shows no judgment entered on that date. The order denying the motion for new trial was signed and filed in the clerk's office on November 8, 1967, and cannot be considered as the judgment appealed from. *Hardnett v. U. S. F. & G. Co.,* 116 Ga. App. 732 (158 SE2d 303); *Olson v. Austin Enterprises,* 116 Ga. App. 197 (156 SE2d 655); *Bowers v. Gill,* 222 Ga. 529 (150 SE2d 653); *Walker v. Walker,* 222 Ga. 521 (150 SE2d 635).

The motion to dismiss is granted and the appeal is

*Dismissed. Pannell, J., concurs. Jordan, P. J., concurs specially.*

SUBMITTED MARCH 6, 1968—DECIDED APRIL 8, 1968.

*Thomas F. Nicholson,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, John A. Sligh, Jr., Assistant Attorneys General,* for appellee.

JORDAN, Presiding Judge, concurring specially. I concur in in the judgment for the reason pointed out by Chief Judge Felton in the *Olson* case cited in the opinion, i.e., *solely* because we are bound by the two Supreme Court cases cited in the opinion.

The record in this case shows a final judgment dated November 8, 1967, and a timely notice of appeal filed thereto. The fact that the notice of appeal specified the judgment as dated "November 7, 1967" is apparently a typographical error or oversight which in my opinion does not deprive this court of juris-

diction of the appeal. *Code Ann.* § 6-809 specifies that this court may "take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss." Where the record clearly shows a final judgment and a timely appeal therefrom with sufficient clarity for this court to understand the judgment appealed from, the appeal should not be dismissed because of a technical defect in the notice of appeal.