44133.   BRACKETT v. ALLISON.

SUBMITTED JANUARY 6, 1969—DECIDED MAY 7, 1969.

*Whelchel, Dunlap & Gignilliat, William R. Gignilliat, Weyman H. Forrester,* for appellee.

FELTON, Chief Judge.  ■  The notice of appeal in this case states the appeal to be "from the judgment and decree entered herein on the 24th day of September, 1968." Although there is a judgment entered on September 25, 1968, in the record, there is not one which is shown to have been entered on September 24, 1968. Under Ga. L. 1965, pp. 18, 20, as amended (*Code Ann.* § 6-802), as construed by the Supreme Court and followed by this court prior to the 1968 amendment to Ga. L. 1965, pp. 18,

29, as amended (*Code Ann.* § 6-809), this appeal would have had to be dismissed. See *Hoover v. State Hwy. Dept.,* 117 Ga. App. 619 (161 SE2d 371), and cases therein cited. Ga. L. 1968, pp. 1072, 1074 (which was approved on the same date that the *Hoover* case, supra, was decided) amended Ga. L. 1965, pp. 18, 29 by adding subsection (d) (*Code Ann.* § 6-809 (d)), which provides, in part, as follows: "Where it is apparent from the notice of appeal, the record, the enumeration of errors, *or* any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." Applying the provisions of Subsection (d), above, it is apparent that the judgment appealed from is that one entered on September 25, 1968.

Judge Deen proposed a special concurrence with which the majority agrees so we make it a part of the opinion with his consent. It is as follows:

"While there is much that is persuasive in the dissents of Judges Pannell and Eberhardt, in my opinion the dismissal route cannot be followed without declaring *Code Ann.* § 6-809 (d) unconstitutional, and it might be preferable to give the Supreme Court a chance to do that first.

"The plain language of the statute is that where it is *apparent* from the notice of appeal, the record, and the enumeration of errors *in combination,* what judgment is designated, that judgment must be taken as the one appealed from. This opens the notice of appeal to extrinsic construction for the first time and puts a burden on the court to examine the orders themselves in determining whether they have been appealed from. It is not, after all, an insupportable burden. As Judge Pannell points out, this involves 4 documents, three 'entered' on September 24 and one on September 25. If our only clue is the date, it may be that examination of the record will not be sufficient to make the judgment appealed from *apparent*. But this is not the only clue. The appeal is from the 'judgment and

decree.' A glance at the orders indicates that only one is called a 'judgment and decree' and only one could possibly be termed a judgment and decree. 'A decree is the judgment of the judge in equitable proceedings upon the facts ascertained, and should be signed by him and entered on the minutes of the court.' *Code* § 37-1201. Obviously a return by appraisers is not a decree because it is not 'the judgment of the judge.' 'A decree in equity is the judgment or sentence of a proceeding instituted in that court and no other is necessary.' *Loyd, Perryman & Mills v. Hicks*, 31 Ga. 140 (2). It is therefore a final judgment, and neither the pre-trial order or the amendment to the pre-trial order can qualify as a 'judgment or decree.' But can the final judgment and decree, which is called 'Final Judgment and Decree' in the record be in fact a judgment and decree under the definitions in our law? In this case it can be nothing else. The petition in this suit was filed in equity, and contains no prayer other than for injunction, based upon plaintiff's contended fact situation that he owned title to land which the defendant was claiming. In the course of the proceedings the parties agreed to submit the matter to arbitration, and the court, by adopting and entering the report of the arbiters, found in favor of the defendant and against the plaintiff's prayers for injunction. We therefore have an equitable proceeding and a judgment of the judge upon the facts ascertained, signed by him and entered on the minutes of the court. There is only one 'judgment and decree' in the record. The conclusion is perfectly apparent and is indubitably inescapable. Only one order is so designated. Only one meets the definition. Only one can be considered."

■ Since this equitable action for injunction against trespass was pending in court, and referred to arbitrators by agreement of the parties, it comes under the Judiciary Act of 1799 (*Code* § 7-224), and not under the Arbitration Act of 1856 (*Code* §§ 7-201 to 7-223, inclusive), which applies only to cases originating out of court. *Culbreth v. Smith*, 202 Ga. 102, 103 (42 SE2d 432), and cit. The court did not err in making the award of the arbitrators the judgment of the court, even if the proceedings did not comply literally with the provisions of said

Act of 1856 (such as delivery of the submission to the arbitrators, appointment of the time and place of the meeting of the arbitrators and notice thereof to plaintiff, and the furnishing of a copy of the award to plaintiff), which Act was not applicable. *Tison v. Sellars,* 40 Ga. 710. Nor can the plaintiff now be heard to complain of the inclusion by the court, in its orders and judgment, of the provision that the arbitration was to be without the right of appeal, since this provision was stipulated by both parties in the arbitration agreement, which was reached at the pre-trial conference, and not rejected by the plaintiff when given ample opportunity to do so. See *Whaley v. Ellis,* 86 Ga. App. 790 (72 SE2d 653). The enumerated errors pertaining to the sufficiency of the evidence to support the award, being unsupported in the brief by citation of authority or argument, will not be considered. *O'Neal v. Moore,* 118 Ga. App. 424 (1a) (164 SE2d 328). Such awards being favored by the courts, the present one—having been made "in conformity to law" and not "vicious or defective for some manifest cause, properly made known to the court," nor based upon a required "inference of fraud, accident, or mistake in the arbitrators"—must be sustained. *Culbreth v. Smith,* supra, p. 105, and cit.

The court did not err in its judgment making the award of the arbitrators the judgment of the court.

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Deen, Quillian and Whitman, JJ., concur. Eberhardt and Pannell, JJ., dissent.*

PANNELL, Judge, dissenting. Contained in the record in this case is a pre-trial order submitting the case to arbitrators *entered September 24, 1968.* A supplemental pre-trial order was also *entered on September 24, 1968.* The arbitrators' return was *entered on September 24, 1968,* delineating the line established by the arbitrators, which was the matter in dispute. Dated and *entered on September 25, 1968,* is what is titled "final judgment and decree" making the return of the arbitrators the judgment of the court. The notice of appeal is "from the judgment and decree *entered herein on the 24th day of September, 1968."* The majority is holding that the appeal is from the judgment dated and entered the 25th day of September, 1968,

by reason of the application of Section 3 of the Act of 1968 (Ga. L. 1968, pp. 1072, 1074). With this conclusion, I cannot agree.

Section 4 of the Appellate Practice Act of 1965 provides that the notice of appeal "shall set forth the title and docket number of the case, the name of appellant and the name and address of his attorney, *a concise statement of the judgment, ruling or order* entitling the appellant to take an appeal," etc. Section 3 of the Act of 1968 (Ga. L. 1968, pp. 1072, 1074) amended Section 13 of the Appellate Practice Act of 1965 by adding a subparagraph thereto, the pertinent parts of which are as follows: "Where it is apparent from the notice of appeal, [or] the record, [or] the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from . . . the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from." I have added the two brackets as I think they must be added in interpreting the language of the statute.

The statute seems to apply to cases where the notice of appeal fails to specify definitely the judgment appealed from. What concerns me is its attempted application where the notice of appeal specifies a non-existent judgment and where there is no description or concise statement of the judgment which may furnish a key for us to ignore the erroneous date. I think some of the Supreme Court decisions, even prior to this amendment, were erroneous in dismissing appeals where the judgment was properly described other than its date. Both this court and the Supreme Court, where there was a described judgment and the date given was either the date of the judgment or the date of its entry, refused to dismiss.

In the present case, we are confronted with a mere reference to "the judgment and decree," with a date of entry given which corresponds with the date of entry of two judgments to be found in the record, neither of which will support the appeal. It so happens there is an appealable judgment dated and entered the following day. Where there is no description in the notice of appeal to indicate the judgment being appealed from other than the date of entry given, then to *permit the enumeration of error*

upon a judgment which is in the record of a different date both as to the date of the judgment and the date of entry thereof *to constitute the judgment appealed* from (when there are judgments of the date of entry in the record), we are in effect amending the notice of appeal, which both this court and the Supreme Court have held cannot be done. "There is no authority to amend a notice of appeal. *Hardnett v. U. S. Fid. &c. Co.*, 116 Ga. App. 732 (158 SE2d 303)." *Evans v. Perkins*, 225 Ga. 48, 49 (165 SE2d 652). This case was decided by the Supreme Court on an appeal from a judgment where both the judgment and the appeal were entered subsequent to the effective date of the Act of 1968 amending the Appellate Practice Act.

Also, the Supreme Court has held that the appellate courts of this State cannot constitutionally engage in the practice of law by giving direction as to what judgment or order is appealed from when the appellant has not chosen to appeal therefrom. See *Interstate Fire Ins. Co. v. Chattam*, 222 Ga. 436 (150 SE2d 618). The duty is upon the appellant to designate the judgment appealed from and this court can neither designate it for him nor can it amend the appeal for him. There is nothing difficult or mysterious about the designation of the judgment in the notice of appeal; it becomes uncertain only when the appellant makes it so. That he can easily avoid.

Further, it is my opinion that while it is within the province of the legislature to determine how a case shall reach this court, any Act of the legislature attempting to tell this court how it must conduct its affairs once the case reaches here, and to tell this court whether it can or cannot consider a case, or whether it can or cannot dismiss a case, which in the opinion of the court is not properly brought here, is an unconstitutional Act.

Assuming its constitutionality, if, under the Act of 1968, we can substitute dates, can we also substitute descriptions of the judgment? Suppose we had a notice of appeal giving a description of a judgment plus a date and there was no judgment answering that description and no judgment dated or entered on the date given, would we apply the 1968 Act and entertain the appeal? Suppose we had an appeal from a judgment described as a grant of a summary judgment entered on a given

date and the record disclosed no such judgment but did disclose a judgment dismissing the petition on motion with a different entered date; would we entertain it? If the entry date was the same, would that make a difference? Suppose, for example, the appellant had entered his plea in bar or plea to the jurisdiction and, after an adverse ruling on the plea, an adverse judgment is entered on the merits. Appellant, convinced of the correctness of his plea, gives notice of appeal as to the judgment entered on that, simply describing it by date, but fails to be careful enough to procure a certificate from the trial judge. Thirty days after entering the notice of appeal he realizes that the judgment described in his notice of appeal is not appealable because there is no certificate, and he then shifts to a designation of the judgment on the merits, by date again, in his enumeration of errors. Is he to be permitted a review because of the 1968 amendment? Is that in keeping with the purpose of the Act?

There are numerous variations of possibilities if we carry this Act to the extent to which we have carried it in this case; that is, when we are substituting our designation of the judgment appealed from for that in the notice of appeal based solely on our opinion of what the appellant should have done, but which, in fact, the appellant did not do. I might be willing to go so far as to sustain an appeal which merely says that the appellant appealed from a "judgment entered in the case" without describing the judgment or giving its date or date of entry if it were the only judgment in the case; but I am reluctant to so apply the Act as to permit one to appeal from a judgment which he, in fact, did not appeal from and of which the description in the notice of appeal gives no key which links it to a particular judgment in the record, or to one mentioned or described in the enumeration of errors.

I think now is a good time for us to decide just how far we are going under this Act and establish some guidelines for all the judges of the court, so that a consistent approach may be made as to the disposition of cases. Unless we do so neither the bench nor the bar nor the separate divisions of this court

will know what the law is nor will situations of this character be dealt with consistently by the various divisions of this court.

I am authorized to state that Judge Eberhardt concurs in this dissent.