### 41585. DIXON v. RELIABLE LOANS, INC.

FRANKUM, Judge. Reliable Loans, Inc. sued A. B. Dixon, Jr. in the Small Claims Court of Colquitt County on a promissory note. The defendant filed his motion to dismiss the

suit alleging therein: "That plaintiff is a private corporation for gain and that it was in pursuance of said corporation, as a loan company, this debt was created and that suit was filed. . . That said suit was not signed by any attorney at law. Defendant pleads and contends that this court was without jurisdiction to accept and file said suit and to issue notice to defendant to appear at said court, because of absence of any attorney signing and filing said suit; and for same reason this court is without authority to render any judgment against defendant; and that this court is without authority to render any judgment except of dismissal of the suit." The small claims court denied this motion to dismiss the suit and rendered judgment for the plaintiff against the defendant. The defendant filed his appeal to the Superior Court of Colquitt County, which court, with respect to his motion to dismiss, rendered the following judgment: "Appellant having renewed his motion to dismiss the cause of action in the above stated case, and said motion coming on regularly to be heard, and after argument by counsel for both parties hereto; It is considered, ordered and adjudged that appellant's said motion be, and the same is hereby overruled." Thereafter, the court rendered judgment for the plaintiff against the defendant for the amount due on the note. The defendant appealed to this court, contending that because the plaintiff is a corporation it had no right to bring the suit against the defendant without being represented by an attorney at law, and that the Small Claims Court of Colquitt County in the first instance and the superior court on appeal therefrom did not have jurisdiction of the case because the plaintiff's suit was not signed by an attorney at law. *Held:*

All corporations have the right to sue and be sued. *Code Ann.* § 22-1827. *Code Ann.* § 9-401, defines the practice of law in this State, and the portion thereof applicable to the facts in this case is as follows: "The practice of law in this State is defined as representing litigants in court and the preparation of pleadings and other papers incident to any action or special proceedings, in any court or other judicial body; conveyancing; the preparation of legal instruments of all kinds whereby a legal right is secured; the rendering of opinions as to the validity or invalidity of titles to real or personal property; the giving of any legal advice; and any

action taken for others in any matter connected with the law; Provided, however, that nothing herein contained shall prevent any *corporation,* voluntary association, or individual from doing any act or acts hereinabove set out, to which said persons are parties, . . ." (Emphasis added.) In view of the above quoted part of *Code Ann.* § 9-401, and in view of *Code Ann.* § 22-1827, we hold that the Superior Court of Colquitt County did not err, for any reason insisted upon by appellant, (1) in overruling his motion to dismiss the plaintiff's case, and (2) in rendering judgment for the plaintiff against the defendant.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

SUBMITTED OCTOBER 6, 1965—DECIDED NOVEMBER 5, 1965.

*John Henry Poole,* for appellant.