## 48547. KNICKERBOCKER TAX SYSTEMS, INC. v. TEXACO, INC.

CLARK, Judge. Does a Georgia corporation have the right to defend an action against it without a lawyer? Is an answer to a complaint on account containing an express denial of the debt legally sufficient? These two questions are presented in this appeal.

Texaco, Inc. sued Knickerbocker Tax Systems, Inc., in the Civil Court of Fulton County. The complaint was in the usual form with one paragraph alleging jurisdiction and the other that "Defendant is indebted to plaintiff in the sum of $1,321.78 on an account, for which demand has been made and defendant has failed and refused to pay same. . ." Defendant corporation filed the usual form answer, first paragraph admitting jurisdiction and the second that "Defendant denies paragraph 2 of the plaintiff's petition." This answer was not filed by an attorney, but by the corporation for itself, the pleading being signed "Knickerbocker Tax Systems, Inc. by Nick M. Belluso, Chairman/Board" and with corporate seal affixed.

Plaintiff filed a motion to dismiss the answer upon two grounds: (1) ". . . it fails to set forth an affirmative defense as required by law. . . " and (2) ". . . it was not timely filed by an attorney at law authorized to practice law in this State and therefore cannot be accepted by the Court as a proper answer." Thereupon defendant corporation through an authorized attorney amended its answer (1) to add the name of a licensed lawyer to the original answer, (2) that the two paragraphs constituting the original answer as filed be designated as "First Defense" and (3) added two additional defenses. The trial court sustained the motion to dismiss the answer "on the ground that the Corporate defendant must be represented by a licensed attorney and not by an agent of the corporation who is not an attorney; and motion to dismiss is further sustained on the ground that the original answer of defendant is insufficient and the amended answer was not timely filed." This order included a judgment for plaintiff from which defendant has taken this appeal.

1. *Dixon v. Reliable Loans, Inc.,* 112 Ga. App. 618 (145 SE2d 771) held that a corporation could file suit on its own behalf without a lawyer. This ruling was based upon the language of two sections of the Annotated Code. One of these was § 9-401 (Ga. L.

1931, pp. 191, 194; 1937, pp. 753, 754) which defines the practice of law in Georgia. There the court's opinion noted the specific proviso in the statute which states "Provided, however, that nothing herein contained shall prevent any *corporation,* voluntary association, or individual from doing any act or acts hereinabove set out, to which said persons are parties . . ." (Emphasis in original.) The other Code section was then Code Ann. § 22-1827, the pertinent portion being paragraph (b) which stated corporations had standing "To sue and be sued in any court of law or equity." When the 1968 General Assembly enacted the Georgia Business Corporation Code contained in Title 22 of the Annotated Code it set forth in § 22-202 (3) (iii) even broader language than was in the previous statute. The new statute expressly gave corporations the power "To sue and be sued, complain and defend in all courts, and to participate in any judicial, administrative, arbitrative or other action or proceeding." As this comprehensive legislation was passed three years after the Court of Appeals decision, we deem it incumbent to adhere to the previous ruling of this court in *Dixon v. Reliable Loans, Inc.,* 112 Ga. App. 618, supra.

Appellee's counsel argues that the *Dixon* case arose in a small claims court and should be limited to such jurisdictions. This cannot be accepted, however, because the broad language of the 1968 law specifically says "in all courts."

The requirement of Code Ann. § 81A-111 that pleadings are to be signed by an attorney is by its terms limited to "a party represented by an attorney."

On a personal note, the three judges of this division are compelled to observe that the lay public would be better served and the general welfare enhanced if the legislature would pass the necessary law forbidding corporations from appearing in propria persona in the courts. Such restrictive legislation would conform with the situation generally prevailing in our country that a corporation being an artificial entity should not be permitted to appear on its own behalf through an agent other than an attorney at law. See 19 ALR3d 1075.

2. The answer was skeleton in form but was sufficient as it met the requirements of Code Ann. § 81A-108 (b) in that defendant admitted the first paragraph containing the averment of jurisdiction and denied the second paragraph wherein was pleaded the amount of the claim, that it was "on an account," that demand had been made and defendant had failed and

refused to pay.

Similar suggested language for an answer to a complaint is found in Volume 7A of Walling's Brown, Georgia Pleading, Practice and Legal Forms Annotated p. 104, § 81A-108 (b). Following the suggested "Skeleton Form of Simple Answer" the author makes these appropriate comments: "The purpose of an answer is to formulate issues by means of defenses addressed to the allegations of the complaint. Although there is no need for a defendant to set forth any evidence, or to expose its defense in detail, it is required that an answer contain a statement of facts sufficiently definite so that the plaintiffs will be informed of the defense they must be prepared to meet. The answer, presently, as was also the case under the former law, is primarily a vehicle for denial. The chief change made by the CPA is that an answer can, under such Act, incorporate defenses other than mere denial of allegations. See Code § 81A-112 (b)." Id., p. 105.

Our ruling is in conformity with the direction that "All pleadings shall be so construed to do substantial justice." Code Ann. § 81A-108 (f). See also *Davis v. Metzger,* 119 Ga. App. 750 (168 SE2d 866).

Although the motion to dismiss was based upon the ground that "it fails to set forth an affirmative defense as required by law," there was in fact no attempt to plead any of the various affirmative defenses itemized in Code Ann. § 81A-108 (c). An express denial of the allegations of the complaint is sufficient to create a triable issue. Of course, under such general denial, defendant would not be permitted to present any evidence as to any affirmative defense of the type itemized in Code Ann. § 81A-108 (c).

3. "A party may amend his pleadings as a matter of course and without leave of court at any time before the entry of a pre-trial order." Code Ann. § 81A-115 (a). As there was no pre-trial order and the corporation had the legal right to file its answer in propria persona and as said answer met the statutory requirements, we must reverse the trial court's order of dismissal.

*Judgment reversed. Hall, P. J., concurs. Evans, J., concurs specially.*
ARGUED SEPTEMBER 14, 1973 — DECIDED DECEMBER 4, 1973.

*Paul C. Myers,* for appellant.

*J. Sam Plowden,* for appellee.

EVANS, Judge, concurring specially. I concur in the judgment,

but not in all that is said in the opinion. And in particular, I am unwilling to be bound by the authority of legal forms as set forth in form books.