## 49228. STROTHER MANAGERS, INC. v. SERVICEMASTER PBM, INC.

EBERHARDT, Presiding Judge.

Servicemaster PBM, Inc.[1] brought suit against Strother Managers, Inc. in two counts, the first on an alleged contract and the second on quantum meruit, to recover for janitorial services supplied to the Sheffield Building, which was managed by Strother. Defendant denied the contract and denied that it was indebted to plaintiff in any sum whatever.

The evidence disclosed that Servicemaster had serviced the building under prior management and that when Strother took charge there was an oral arrangement between it and Servicemaster that the service be continued. The level of service was altered from time to time by mutual agreement. Servicemaster

---

[1] The ruling referred to by Judge Evans in his special concurrence was based upon Code Ann. § 9-401, allowing corporations to appear in their own behalf in proceedings where they are parties, and upon the rulings made in *Dixon v. Reliable Loans, Inc.*, 112 Ga. App. 618 (145 SE2d 771) and in *Knickerbocker Tax Systems, Inc. v. Texaco*, 130 Ga. App. 383 (203 SE2d 290). The ruling was made from the bench and to apply to this case only.

increased the cost because of rising costs of labor and supplies and Strother terminated the arrangement two days before the end of March, 1972.

Servicemaster alleged that Strother had failed to pay for services rendered in February or March and, in Count 1, that it had failed to give thirty days notice of termination as required by the contract.

A jury verdict was returned for the plaintiff under Count 2 for $8,270.54, besides interest and costs.

Strother, having moved for a directed verdict at the conclusion of the evidence, moved for judgment n.o.v. and from the overruling of the motion appeals. *Held:*

A careful reading of the record reveals that Strother was in charge of the management of the Sheffield Building, that it had an arrangement with Servicemaster to perform the cleaning and janitorial services, for which Strother paid for more than a year, that the services were terminated by Strother and that there had been no payment for the services rendered in February and March, 1972. There was sufficient evidence from which the jury could arrive at the value of the services.

We find no error.

*Judgment affirmed. Pannell, J., concurs. Evans, J., concurs specially.*

ARGUED APRIL 5, 1974 — DECIDED MAY 9, 1974 — REHEARING DENIED MAY 23, 1974 — ▮▮▮▮▮▮▮▮

*Scheer & Elsner, Robert A. Elsner,* for appellant.
Charles E. Littlejohn, for appellee.

ON MOTION FOR REHEARING.

In its motion for rehearing appellant, who was the defendant in the trial court, urges that there is no evidence in the record indicating that there was a contract, written or oral, between the plaintiff, Servicemaster PBM, Inc., and the defendant, Strother Managers, Inc.

In the defendant's responses to plaintiff's first interrogatories numbers 7, 8, 9, 10 the existence of a written contract between them was denied, "however, the plaintiff and defendant did have an oral agreement whereby the plaintiff would provide janitorial services to

the building in question. The problems that arose between the plaintiff and the defendant had to do with the quality of the janitorial services being performed by plaintiff in the building managed by defendant."

References in the opinion to Strother are to Strother Managers, Inc., and not to Mr. Strother individually.

EVANS, Judge, concurring specially.

I concur in the result reached in this case, but I disagree with one important ruling made prior to final decision. When this case was called for argument in the Court of Appeals, Mr. Charles E. Littlejohn arose and asked permission to argue the case before this court on behalf of Servicemaster PBM, Inc., a corporation. He stated that he was not an attorney at law, but was president of the corporation, which was owned by two stockholders, to wit, himself and one other person not related to him.

Presiding Judge Eberhardt ruled that the president of the corporation could argue the case in the Court of Appeals on behalf of the corporation. I objected strenuously then, and I object now. I do not believe the president of a corporation, who is not an attorney at law, is entitled to take the part of an attorney at law, by appearing in court and arguing a case on behalf of the corporation.

What control had the court over this pseudo-attorney as he argued before us? We had none! He was not subject to any rules of court because, as a layman, he was not presumed to know the rules of court, even though presumed to know the law of the land. Could we have disbarred him or recommended disbarment for some gross violation of our rules and of the canons of ethics? No, he was not a lawyer, and he could not be disbarred. Could we have held him in contempt of court for violating rules of which he was entirely ignorant? No indeed! Was it fair to opposing counsel to face an adversary who was not subject to any rule or any canon of ethics, while the attorney must carefully abide by the rules and canons? Fortunately, no untoward incident occurred, but it was not our fault; we had placed ourselves in position of allowing a non-lawyer to act as a lawyer in our court.

Every individual has the right to represent himself. See Code Ann. § 2-104; *Loomis v. State,* 78 Ga. App. 153, 162 (51 SE2d 13). But this was not an individual representing himself; this was an individual representing a corporation. An individual cannot represent his wife or his child during the conduct of legal proceedings in court by acting as an attorney at law for his wife or his child. Should a corporation in which the individual owns an interest stand on higher ground than does his wife, of whom, together with her husband, it has been said "The twain shall be made one flesh"? Or on a higher plane than his own flesh and blood in the form of his child?

There are many cases of our Georgia appellate courts which hold that an agent for a corporation may sign bonds, and may sign affidavits in legal proceedings, and may even sign pleadings. But I find no decision holding that a corporate agent or officer may appear as an attorney at law in the actual trial of a case, and there represent the corporation as an attorney at law.

A careful reading of Code Ann. § 9-401, which defines the practice of law, gives no right to a corporation official to act as an attorney for the corporation in the trial of a case. Code § 9-402 provides: "It shall be unlawful for any person other than a duly licensed attorney at law to practice or appear as an attorney at law, *for any person other than himself,* in any court of this State or before any judicial body, or make it a business to practice as an attorney at law, for any person *other than himself,* in any of said courts, . . . It shall also be unlawful for any corporation . . . to do or perform any of the acts above . . ." (Emphasis supplied.)

ADDENDUM TO SPECIAL CONCURRENCE.

EVANS, Judge.

On page 1 of the majority opinion there appears an explanation by Judge Eberhardt of his ruling from the bench in allowing a president and part-owner of a corporation *(not an attorney at law)* to appear as counsel for his corporation and argue its case in the Court of Appeals. When this case was first considered in this court, I specially concurred and voiced my violent disagreement in this ruling.

Judge Eberhardt cites *Dixon v. Reliable Loans, Inc.,*

112 Ga. App. 618 (145 SE2d 771). The issue there was as to whether a corporation could *file a suit and sign its own pleadings* without engaging an attorney at law to perform such function, and it was there held that it could do so. He also cites *Knickerbocker Tax Systems, Inc. v. Texaco, Inc.*, 130 Ga. App. 383 (203 SE2d 290), where it was held that a corporate defendant may *defend a suit and file its own answer* without engaging an attorney at law to perform such function.

But neither of these cases is authority for the ruling of which I complain, that is, the allowance of a president and part-owner of a corporation to *act as its attorney at law and make an argument for the corporation in the Court of Appeals of Georgia.* I do not know of any authority for such a ruling. If this non-lawyer can make an argument in the Court of Appeals, he can make an argument in the trial court; he can examine and cross examine witnesses in the trial court, and he can squarely occupy the shoes of a licensed attorney at law in every particular in each and every case to which his corporation is a party. Suppose State Farm, and the many other corporations who are constantly involved in litigation, hear about this ruling—will they hereafter send their agents to the Court of Appeals to argue their many cases before us? And is there any reason for them to employ counsel in the trial courts, when their agents are allowed to appear as attorneys without a license?

And, finally, following this precedent, remembering the true Southern hospitality that supposedly exists south of the Mason-Dixon Line, can State Bar of Georgia, Inc., in good conscience, refuse to extend an invitation to *all corporations,* to attend our State Bar meetings, and participate in our proceedings?