## 58783. DROMEDARY, INC. v. RESTAURANT EQUIPMENT MANUFACTURING COMPANY, INC.

QUILLIAN, Presiding Judge.

In an action on an account the defendant appeals from the grant of plaintiff's motion for summary judgment. In answer to plaintiff's complaint the defendant merely denied the material allegations thereof. However, when plaintiff moved for summary judgment based on affidavits sustaining its right to recover, the defendant filed an affidavit by its president, who testified the material purchased on the account was to be installed in a restaurant. For the first time, the defendant raised the issue that the equipment was "improperly and defectively manufactured, assembled and installed by the plaintiff and did not work properly." It was recited in the affidavit that there was a total failure of consideration and the defendant's customer refused to pay for the defective equipment; that defendant was not indebted to the plaintiff because of the failure of the plaintiff to properly perform the terms of its contract with the defendant.

The trial judge in granting plaintiff's motion pointed out "Defendant raises an alleged failure of consideration for the first time in its president's affidavit. Such failure is an affirmative defense which has not been plead by Defendant nor has Defendant amended or sought to amend its Answer to affirmatively raise such defense." *Held:*

Failure of consideration is an affirmative defense which must be pleaded. Code Ann. § 81A-108 (CPA, Ga. L. 1966, pp. 609, 619; as amended through 1976, pp. 1047, 1048). In *Searcy v. Godwin,* 129 Ga. App. 827, 829 (201 SE2d 670) this court considered another affirmative defense, whether a suit was barred by the statute of limitation, and held: "Defendants contention is without merit since he has not filed a plea of the statute of limitation prior to the trial as is required by Section 8 (c) of the Civil Practice Act (Code Ann. § 81A-108 (c); Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230). Furthermore, during the trial the defendant filed no motion in such regard or otherwise attempted to raise such issue. A defendant may not avail himself of an affirmative defense which he failed

to properly present." See *Knickerbocker Tax Systems, Inc. v. Texaco, Inc.*, 130 Ga. App. 383, 385 (203 SE2d 290) wherein it was held that under a general denial "defendant would not be permitted to present any evidence as to any affirmative defense of the type itemized in Code Ann. § 81A-108 (c)."

In *New House &c. v. Commercial &c. Corp.*, 141 Ga. App. 199 (233 SE2d 45) the defendants (appellants) admitted that the affirmative defense of failure of consideration was not raised in any pleading but asserted that certain deposition testimony was sufficient to raise the issue. We held: "Since plaintiff would have had grounds for the exclusion of testimony at trial of any alleged failure of consideration for failure of the defendant to raise the defense in a pleading (*Knickerbocker Tax Systems, Inc. v. Texaco, Inc.*, 130 Ga. App. 383 (203 SE2d 290)), it has the same right as to such testimony in the deposition. Appellants' argument, therefore, must fail." See *First Nat. Bank v. McClendon*, 147 Ga. App. 722, 723 (250 SE2d 175) holding that an affirmative defense may not be raised by affidavit in support of a summary judgment motion.

Under the cited authority, the trial judge did not err in granting plaintiff's motion for summary judgment.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 19, 1979 — DECIDED
JANUARY 17, 1980.

*Jack K. Bohler,* for appellant.
*David E. Allman,* for appellee.