A93A0671. HOWARD v. JONAH et al.
(430 SE2d 833)

McMURRAY, Presiding Judge.
Plaintiff Howard, while an inmate at the Men's Correctional Institution in Hardwick, Georgia ("the prison"), filed an action against

two prison physicians (defendants Jonah and Cooper) and the warden of the prison (defendant Secklinger), alleging that he was subjected to cruel and unusual punishment due to deliberate indifference to his medical condition and that he received substandard medical care for foot and back injuries.[1] Specifically, plaintiff alleges that defendants ignored his medical condition and that they did not immediately provide him with tennis shoes, a back brace and a cane as prescribed by "the Grady Hospital Physical Therapy Clinic and Dr. Pugh at GD & CC Jackson due to a lower Back Problem and Foot Problem."

Defendants denied the material allegations of the complaint and, in response to an oral motion to dismiss asserted by defendants at a hearing, the trial court entered the following order: "This case is one for medical malpractice or professional negligence against prison doctors and other prison officials. As such, the complaint is subject to the pleading requirements set forth in O.C.G.A. § 9-11-9.1. Said Code section requires that in actions for medical malpractice the plaintiff must attach to the complaint an affidavit of an expert setting forth an opinion that the defendant violated the standard of care, setting forth at least one specific negligent act or omission and the factual basis therefor. Because plaintiff's complaint fails to attach this affidavit, the complaint should be dismissed. . . . However, in deference to plaintiff's *pro se* status, the Court will adopt the suggestion of defendants' counsel, with which plaintiff agreed at the hearing, and will allow plaintiff 30 days from the date of entry of this Order in which to amend his complaint by filing with the Clerk of this Court the affidavit required by O.C.G.A. § 9-11-9.1."

Plaintiff filed an unsworn document entitled "Affidavit," in support of his complaint purporting to comply with the trial court's order allowing him to amend his complaint within 30 days. The trial court found this document insufficient under OCGA § 9-11-9.1 and dismissed plaintiff's complaint "with prejudice." This appeal followed. *Held*:

1. Any complaint alleging professional malpractice must include "an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a). An unsworn document "can not be regarded as an affidavit." *Redwine Bros. v. Jarrell*, 14 Ga. App. 294 (2) (80 SE 728). In the case sub judice, the "Affidavit" plaintiff filed in support of his complaint is an unsworn document and is thus insufficient to satisfy the requirements of OCGA § 9-11-9.1 (a). Consequently, the trial court did not err in

---

[1] Defendant asserts his action, pro se, on a form entitled, "Inmate Form for Civil Action." In a section of the form complaint entitled, "Nature of Action," the following appears: "tort Action Medical Malpractice Cruel & Unusual punishment Deliberate indifference."

dismissing any professional malpractice claims asserted in plaintiff's complaint. However, the trial court erred in dismissing plaintiff's complaint in its entirety as the allegation that plaintiff was subjected to cruel and unusual punishment due to deliberate indifference to his medical condition remains unresolved.[2]

2. Other grounds asserted in plaintiff's enumerations of error and brief either provide no basis for review or are without merit.

*Judgment affirmed in part and reversed in part. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 7, 1993 —
RECONSIDERATION DENIED APRIL 28, 1993 

Edgar W. Howard, *pro se.*

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, William F. Amideo, Terry L. Long, Assistant Attorneys General, Tinkler & Groff, William P. Tinkler, Jr.,* for appellees.

---

[2] In a portion of the form complaint provided for "legal argument," plaintiff cites *Estelle v. Gamble*, 429 U. S. 97 (97 SC 285, 50 LE2d 251), where the United States Supreme Court recognized that deliberate indifference to an inmate's serious medical needs may constitute cruel and unusual punishment in violation of the Eighth Amendment and authorize a civil rights action under 42 USC § 1983.