A93A0306. HOWARD v. BANK SOUTH, N.A.
(433 SE2d 625)

McMURRAY, Presiding Judge.
Bank South, N.A., brought an action against Norris Howard and

Laron Allen to recover over $2 million under 1985 and 1988 guaranties securing a line of credit to a wholesale wood supply business known as The Pine Connection, a corporation owned by Howard and Allen. Howard denied execution of the 1985 guaranty and admitted execution of the 1988 guaranty, but defended alleging that a release and discharge resulted because the 1988 guaranty was fraudulently induced and liability thereunder grossly inflated by unscrupulous activities of Bank South executive officers (Defenses 2 and 3); that Bank South acted in a commercially unreasonable manner in disposing of The Pine Connection collateral (Defense 5); that Bank South is estopped from enforcing the 1988 guaranty because it intentionally breached the underlying financing agreement for the purpose of putting The Pine Connection out of business (Defense 6); that there was a failure of consideration for the 1988 financing agreement (Defense 7); that a settlement between Bank South and The Pine Connection constitutes an accord and satisfaction or set-off of The Pine Connection debt (Defenses 8 and 9) and that Bank South's failure to manage its executive officers and accounts in good faith resulted in the unscrupulous conduct which inflated liability under the 1988 guaranty (Defense 10). Howard filed a cross-claim against Allen alleging he conspired with Bank South (primarily with Bank South Vice President Charles Paris) to defraud Howard and inflate The Pine Connection's debt. Howard also counterclaimed, alleging that Bank South committed fraud via authorization and ratification of its officers' fraudulent activities (Count 1); that Bank South wrongfully set-off a portion of The Pine Connection debt with proceeds from a specially designated payroll account of another business owned by Howard (Count 2) and that Bank South violated Georgia's Racketeer Influenced & Corrupt Organizations ("RICO") Act.

Bank South filed several motions, including a motion to dismiss for failure to state a claim. After considering the pleadings, motions and hearing argument of counsel, the trial court entered an order expressly determining that there was no just reason for delay and directing entry of final judgment dismissing Howard's counterclaims and striking all of the affirmative defenses except the assertion that Bank South had acted in a commercially unreasonable manner. The trial court also granted Bank South's motion to sever the trial of Howard's cross-claim against Allen, and struck his demand for trial by jury. Howard now appeals. *Held*:

1. In enumerations 1, 2, 3, 4, 5 and 6, Howard contends the trial court erred in striking his second, third, tenth, sixth, seventh, eighth and ninth defenses to Bank South's complaint and in enumerations 1, 8 and 9 Howard contends the trial court erred in dismissing all three counts of his counterclaim. We agree.

There is no indication in the trial court's order dismissing How-

ard's defenses and counterclaims that any evidence was considered or that there was a hearing on the merits based on material undisputed facts. "Accordingly, the only basis upon which this dismissal order could be predicated would be dismissal for failure to state a claim pursuant to OCGA § 9-11-12 (b), or judgment on the pleadings pursuant to OCGA § 9-11-12 (c). 'The CPA abolished "issue pleading," substituted in lieu thereof "notice pleading," and directs that "all pleadings shall be so construed as to do substantial justice." (Cits.) "Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Cits.)' *Dillingham v. Doctors Clinic*, 236 Ga. 302 (223 SE2d 625) (1976). See also *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 149, 150 (281 SE2d 586) (1981)." *Jones v. Phillips*, 183 Ga. App. 11 (357 SE2d 853). In fact, " '(t)he granting of a motion for judgment on the pleadings under (OCGA § 9-11-12 (c)) is proper only where there is a complete failure to state a cause of action or defense. "For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." (Cits.)' *Pressley v. Maxwell*, 242 Ga. 360 (249 SE2d 49) (1978)." *Bacon v. Liberty Mut. Ins. Co.*, 198 Ga. App. 436 (401 SE2d 625).

In the case sub judice, Howard asserts exhaustive facts in his motions and pleadings which, upon proof, may or may not support his defenses and counterclaims. This Court simply cannot speculate that such evidence exists. It is therefore sufficient to say that we cannot determine, beyond doubt, that no set of facts exist which authorize Howard's defenses and counterclaims. Consequently, the trial court's order dismissing Howard's defenses and counterclaims must be reversed with regard to the striking of Howard's second, third, tenth, sixth, seventh, eighth and ninth defenses and the dismissal of Howard's counterclaim.

2. In his seventh enumeration, Howard contends the trial court erred in dismissing his eleventh defense. We agree. Howard's eleventh defense is simply an exercise of his right to admit and deny the allegations of Bank South's complaint. See *Knickerbocker Tax Systems v. Texaco*, 130 Ga. App. 383, 384 (2) (203 SE2d 290).

3. In his tenth enumeration, Howard contends the trial court erred in severing his cross-claim against Allen from Bank South's claims on the guaranties.

Although the question of severance is generally a matter of discretion for the trial judge, *Tennessee Farmers Mut. Ins. Co. v. Wheeler*, 170 Ga. App. 380 (2), 382 (317 SE2d 269), neither this Court nor the trial court can make a full and fair determination of the need

for severance until the validity (substance) of Howard's defenses and claims have been fully developed. See Division 1 of this opinion. Consequently, the trial court erred in prematurely granting Bank South's motion for severance.

4. Howard contends the trial court erred in striking his demand for jury trial, arguing that language in the 1988 guaranty agreement expressly waiving his right to a jury trial is void because the guaranty was fraudulently induced and because the waiver does not specifically apply to Howard's claims against Bank South for fraud and violation of the Georgia RICO Act.

"The Constitution of Georgia as well as the Civil Practice Act guarantee the right of a jury trial to civil litigants in most cases. Constitution 1976, Art. VI, Sec. XV, Par. I (Code Ann. § 2-4401) [now Art. I, Sec. I, Par. XI, of the 1983 Georgia Constitution]; OCGA § 9-11-38 (formerly Code Ann. § 81A-138 (Ga. L. 1966, pp. 609, 652)). The right may be 'expressly waived' by 'written stipulation filed with the court or by an oral stipulation made in open court and entered in the record,' OCGA § 9-11-39 (formerly Code Ann. § 81A-139 (Ga. L. 1966, pp. 609, 652)), or impliedly waived by voluntary participation in a non-jury trial. *Wise, Simpson, Aiken & Assoc., Inc. v. Rosser White Hobbs Davidson McClellan Kelly, Inc.*, 146 Ga. App. 789, 795 (6) (7) (247 SE2d 479)." *Raintree Farms v. Stripping Center, Ltd.*, 166 Ga. App. 848 (1) (305 SE2d 660).

In the case sub judice, there is nothing in the record showing that Howard voluntarily waived his right to a jury trial via one of the above prescribed methods. Further, Bank South cites no binding authority requiring this Court to recognize the waiver of jury trial provision in the 1988 guaranty agreement. However, it is argued that the waiver provision is enforceable based on principles of judicial economy and freedom of the right to contract. We do not agree.

"Our Civil Practice Act mandates a jury trial in all cases at law except when by written stipulation a party consents to trial by the court sitting without a jury. OCGA § 9-11-39; *Raintree Farms v. Stripping Center, Ltd.*, 166 Ga. App. 848 (1)[, supra]." *Tigner v. Shearson-Lehman Hutton, Inc.*, 201 Ga. App. 713, 715 (411 SE2d 800). The requirement of written stipulation before waiver of the right to trial by jury carries the implication that such waivers be knowing and voluntary, i.e., demonstrates full understanding of all circumstances surrounding relinquishment of the known right. See *Raintree Farms v. Stripping Center, Ltd.*, 166 Ga. App. 848 (1), supra. In the case sub judice, Howard could not have knowingly and voluntarily given up his right to trial by jury in 1988 as he then could not have been aware of the basis and circumstances of any future claim upon the guaranty. It therefore follows that the waiver of jury trial provision in the 1988 guaranty agreement is not enforceable

against Howard as a consent to trial by the court sitting without a jury.

The trial court erred in striking Howard's demand for jury trial.

5. Finally, Howard contends the trial court erred in granting Bank South's motion in limine excluding reference to his defenses and counterclaim. We agree, but only on the basis that any such ruling is premature. See Division 1 of this opinion.

*Judgment reversed. Pope, C. J., and Cooper, J., concur. Beasley, P. J., disqualified.*

DECIDED JUNE 22, 1993 —
RECONSIDERATION DENIED JULY 13, 1993 — 

*Branch, Pike, Ganz & O'Callaghan, Burt DeRieux, Keith J. Reisman, Daryl G. Clarida, Cook & Palmour, Bobby Lee Cook, Jr.,* for appellant.

*Kilpatrick & Cody, Matthew H. Patton, H. Quigg Fletcher, Greenwood, Chambers & Elliott, Timothy L. Spruell,* for appellee.