A93A1781. YOUNG v. SCOTT et al.
(442 SE2d 768)

</div>

COOPER, Judge.
This is a discretionary appeal from a superior court order af-

firming a decision of the Board of Review of the Georgia Department of Labor hearing officer's decision denying unemployment compensation benefits to appellant.

Appellant worked as a front desk clerk and bookkeeper in a resort motel in Dahlonega. In her capacity as a bookkeeper, appellant was instructed on several occasions to record certain transactions involving a particular independent contractor differently from other independent contractors. Appellant became concerned about these practices and told the employer that they were not proper bookkeeping procedure. She testified that she contacted the Internal Revenue Service to determine if the practices were legal and that an IRS employee indicated that the practices were improper. Two weeks later, but two months after the employer's first instruction concerning the independent contractor, appellant quit her job, telling her employer that she quit because she resented the fact that a new employee whom she had been training was making more money than she was making.

Appellant applied for unemployment benefits, reporting that the real reason she quit was because she was uncomfortable being required to perform duties which were illegal or unethical. She maintained that she did not reveal her true reason for leaving because she did not want to be black-listed in such a small town. Her claim for unemployment benefits was denied by a Labor Department claims examiner; however, on appeal, an administrative hearing officer reversed the claims examiner, finding that appellant had good cause to quit her employment. Appellant's employer then appealed to the Labor Department Board of Review (the "board") which reversed the hearing officer upon a finding that the decision was contradictory and confusing. The board held that a de novo hearing before another hearing officer would serve the ends of justice. The new hearing officer concluded that appellant did not have "a good work connected cause" for quitting her job and reinstated the disqualification of benefits. Appellant testified at the hearing that she feared that she would ultimately have to bear some responsibility for keeping the books as instructed by her employer. In its rejection of appellant's claim, the hearing officer acknowledged that the evidence showed that appellant was instructed to perform questionable bookkeeping procedures, but the hearing officer found no evidence that appellant would have been held liable for the procedures. The hearing officer also indicated that it found appellant's explanation for not telling the employer her true reason for quitting to be illogical. The hearing officer was not convinced that appellant would be black-listed by the employer for giving the correct reason since she had already made the employer aware of her dissatisfaction with the questionable bookkeeping procedures. The hearing officer concluded that despite appellant's discomfort with

having to keep the books as instructed by the employer, she continued to do so for such a length of time as to constitute acceptance of the duties as part of her working conditions. The disqualification of benefits was affirmed by the board, and thereafter, the superior court affirmed the decision of the board.

1. Appellant contends the superior court erred in affirming the board's remand to a new hearing officer for a de novo hearing. However, the record shows that this alleged defect was not raised in appellant's petition for judicial review to the superior court and thus was not considered by the superior court. "On appeal only issues properly raised before the trial court will be considered. [Cits.]" *Dept. of Transp. v. Hillside Motors,* 192 Ga. App. 637, 638 (1) (385 SE2d 746) (1989). Even though the appeal in *Hillside,* supra, was from a judgment in which the superior court was sitting as a trial court, this rule also applies in appeals from superior court judgments when the superior court sits as an appellate court.

2. Appellant also contends that the superior court erred as a matter of law in affirming the board's conclusion that she quit without good cause.

"Georgia . . . has a strong public policy favoring payment of unemployment benefits to persons unemployed through no *fault* of their own. OCGA § 34-8-2." *Millen v. Caldwell,* 253 Ga. 112, 113 (317 SE2d 818) (1984). However, OCGA § 34-8-194 (1) provides that an individual shall be disqualified for benefits if she leaves her job "voluntarily without good cause"; that "good cause" is to be determined according to the circumstances in the case; and that the burden is on the individual to show proof of good work-connected cause for leaving work. Department of Labor Regulations, § 300-2-9-.05 (1) and (2) provide, in pertinent part, that "[a]n employee who voluntarily quits is to be disqualified unless he/she can show that the employer had changed the terms and conditions of work in a manner that the employee, applying the judgment of a reasonable person, would not be expected to continue that employment. . . . Disqualification is not required if an employee quits because the rules of the employer prove to be unreasonable as related to proper job performance." Appellant argues that the hearing officer failed to apply the "reasonable person" standard in Department of Labor Regulations, § 300-2-9-.05 to the evidence and instead imposed an overly strict burden of proof, requiring her to show that she could have been held liable as a result of the bookkeeping procedures. Appellant also argues that the hearing officer's conclusion that she accepted her duties was contrary to the evidence and not in keeping with the reasonable person standard. We disagree.

Contrary to appellant's contention, although the hearing officer did not specifically invoke "the reasonable person standard," it is ap-

parent that the hearing officer's analysis was in keeping with both the statute and Labor Department regulations. The hearing officer, as the trier of fact, weighed appellant's alleged rationale for quitting her job and concluded that appellant did not "show that the employer changed the terms and conditions of work in a manner that [appellant], applying the judgment of a reasonable person, would not be expected to continue that employment" since appellant worked for two months under such conditions, despite her reservations, before finally quitting and she did not demonstrate how she could have personally been liable for keeping the books as instructed. Moreover, the record reveals that appellant quit her job in the middle of her shift upon learning that the new employee was making more money than she was making.

" 'This court does not sit as a fact-finding body, but rather one for the correction of errors of law. Therefore, in reviewing orders of the superior court in appeals from decisions (regarding unemployment benefits), if there is any evidence to support the decision below, it will be affirmed. (Cits.) It is apparent from the record that there is some evidence to support the decision.' [Cit.] ' "(T)he evidence in this case shows that [appellant] voluntarily quit [her] job for personal reasons and not for good cause connected with [her] work." ' [Cit.]" *Moore v. Tanner*, 172 Ga. App. 792, 793 (1) (324 SE2d 772) (1984).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 23, 1994 —
RECONSIDERATION DENIED MARCH 28, 1994 —

*L. Lee Callender, Nadine D. Bailey, Mary I. Dickerson, Phyllis J. Holmen, Lisa J. Krisher,* for appellant.

*Michael J. Bowers, Attorney General, Jeff L. Milsteen, Senior Assistant Attorney General, Valencia C. Porter, Staff Attorney,* for appellees.