A95A0909. HOWARD et al. v. CITY OF COLUMBUS et al.
(466 SE2d 51)

McMURRAY, Presiding Judge.

James Howard, Jr. died during incarceration at the Muscogee County jail, perishing after prolonged suffering resulting from untreated diabetes mellitus. An autopsy revealed that Howard's blood-glucose level was 12 times the amount normally tolerated by humans and that the cause of death was "ketoacidosis."[1] Although Howard (as well as other inmates) allegedly advised jailers of his debilitating condition for several days, these pleas went unnoticed until Howard lapsed into a coma. Paramedics were then summoned to the jail and quickly determined that Howard was suffering because of untreated diabetes. But it was too late to reverse the cycle of advanced "ketoacidosis." Howard died upon arrival at Columbus Medical Center. Upon the coroner's inquest, a jury allegedly "determined that JAMES HOWARD, JR. died a preventable death resulting from the neglect of the Muscogee County Jail and its employees and of [a] dia-

---

[1] "Ketoacidosis" or "ketosis" is "a condition characterized by an abnormally elevated concentration of ketone bodies in the body tissues and fluids; it is a complication of diabetes mellitus and starvation." The Sloane-Dorland Annotated Medical-Legal Dictionary, p. 398 (1987). Severe ketosis may not only affect a person's mental processes, but "can render a person unable to perform such normal functions as walking or driving an automobile." *United States v. McGuire*, 381 F2d 306, 317 (2d Cir. 1967).

betic condition."

Conswella Howard, by and through her natural and legal guardian, Stephanie Cobbin, and Stephanie Cobbin, as temporary administratrix of the estate of James Howard, Jr. (plaintiffs), filed a multicount complaint asserting both state and federal law claims against the City of Columbus, Muscogee County, Georgia, J. E. "Gene" Hodge, in his individual and official capacity as Sheriff of Muscogee County, Georgia ("the City," "the County" and "the Sheriff"), Jerry Stephens Chase, in his individual and official capacities as a physician and medical director at the Muscogee County jail, Mildred Chapman, in her individual and official capacities as a licensed practical nurse and head nurse at the Muscogee County jail, and Lawrence Thompson and Ava McLeod, in their individual and official capacities as licensed practical nurses and as nurses at the Muscogee County jail (defendants). Specifically, plaintiffs allege in Count 1 that defendants failed to provide Howard with medical treatment and care as required by OCGA § 42-5-2 and in Count 2 that defendants' actions and omissions caused Howard to suffer "continuous and severe physical, mental and emotional injuries prior to his death. . . ." In Count 3, plaintiffs assert claims for wrongful death pursuant to OCGA § 51-4-1 (1) and, in Count 4, they advance state law claims for abuse of authority and cruel and unusual punishment. The basis of plaintiffs' claim in Count 5 is that "[t]he actions of each defendant constituted medical care which was negligent and grossly negligent, if not callous and willfully inhumane, in deliberate disregard for the right of JAMES HOWARD, JR. to medical care, and/or constitutes grossly inadequate medical staff, facilities or procedures, resulting in injury to JAMES HOWARD, JR., and is actionable and recoverable under O.C.G.A. § 51-1-27." Plaintiffs allege in Count 6 that "[t]he policies and customs and/or lack of policies to adequately and competently provide medical care to inmates constitutes a deliberate indifference to the serious needs of inmates and is a violation of [the] 8th Amendment to the Constitution of the United States[; that the] actions of the Defendants in not providing proper medical care to JAMES HOWARD, JR. was arbitrary and purposeless in relation to the effective management of the correction facilities involved[; that as] a direct and proximate result of the Defendants actions or omissions, JAMES HOWARD, JR., suffered violations of his constitutional rights as protected by the 8th Amendment to the United States Constitution [and that the] actions and inactions of each Defendant constituted such deliberate indifference to JAMES HOWARD, JR., that he was deprived of his rights to medical treatment and to his life, as protected by the Eight[h] Amendment to the United States Constitution."

Defendants denied the material allegations of the complaint and

filed motions to dismiss, asserting that the expert's affidavit filed in support of plaintiffs' medical malpractice claims does not comply with the pleading requirements of OCGA § 9-11-9.1 (a). The affidavit of Joseph G. Bussey, Jr. was filed in support of Count 5 of the complaint and provides, in pertinent part, as follows: "I am, at the present time, a qualified medical doctor, and physician duly licensed by the State of Georgia . . . . Having reviewed an abstract of the treatment records of patient James Howard, Jr., I . . . have acquired a limited knowledge of the matters herein referred to and I am also qualified to render a professional opinion as to the standard of care and skill which under similar conditions and like circumstances would ordinarily have been employed by the medical profession generally. . . . Having personally examined [an] abstract of Mr. Howard's medical records and having relied upon my own experience, familiarity and training in similar matters, it is my opinion to a reasonable degree of certainty that:

"(a) The conduct of the City of Columbus, County of Muscogee, Georgia, Jail Health Clinic did not comply with the standard of skill and care which under similar conditions and like circumstances would have been employed by the medical profession generally when and to the extent it failed to provide Mr. James Howard, Jr. with timely investigation and proper health care attention necessary for the treatment of his diabetic condition. Particularly, the jail clinic's neglect and failure to recognize and treat this man's diabetic condition was a breach of that standard.

"(b) The conduct of the City of Columbus, County of Muscogee, Georgia, Jail Health Clinic did not comply with the standard of skill and care which under similar conditions and like circumstances would have been employed by the medical profession generally when, in regard to the management of its personnel and staff, it failed to exercise those procedures and protocols critical to the providing of necessary and proper health care treatment to James Howard, Jr. Particularly, to the extent that the jail clinic departmental personnel and staff failed to recognize and properly provide medical treatment for a diabetic condition that resulted in the preventable death of James Howard, Jr. and to the extent that the needed and potentially life-prolonging health treatment was denied to the detriment of the patient James Howard, Jr. whose life hung in the balance of time, was a breach of that standard."

In three separate orders the trial court found that Dr. Bussey's affidavit was insufficient to support plaintiffs' claims for medical malpractice. The trial court went further, however, and dismissed the entire complaint, finding that the claims asserted in all six counts amount to nothing more than causes of action for medical malpractice. This appeal followed. *Held*:

1. The City, the County and the Sheriff have filed a motion to dismiss this appeal, arguing that the Court of Appeals has no jurisdiction because the notice of appeal incorrectly designates that the order granting their motion to dismiss was entered on November 17, 1994. This assertion is without merit.

"Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed. . . ." OCGA § 5-6-48 (f). See *Brackett v. Allison*, 119 Ga. App. 632 (1) (168 SE2d 611). In the case sub judice, it is obvious that plaintiffs are appealing from three separate orders, which compositely dispose of the entire complaint. On November 17, 1994, the trial court signed the order dismissing plaintiffs' complaint as to the City, the County and the Sheriff, and on November 21, 1994, this order was filed with the trial court's clerk. On November 21, 1994, another order was entered granting Dr. Jerry Stephens Chase's motion to dismiss. And on November 22, 1994, an order was entered dismissing the complaint as to the remaining defendants, Licensed Practical Nurses Mildred Chapman, Lawrence Thompson and Ava McLeod. Plaintiffs' notice of appeal was filed on December 16, 1994, within 30 days after final disposal of all of plaintiffs' claims.

The motion to dismiss filed on behalf of the City, the County and the Sheriff is hereby denied.

2. The trial court erred in dismissing plaintiffs' complaint in its entirety based on plaintiffs' alleged failure to file an expert's affidavit in compliance with OCGA § 9-11-9.1 (a). The affidavit requirement in this subsection does not apply to claims unrelated to malpractice. *Parker v. Brinson*, 209 Ga. App. 19 (432 SE2d 626). Nor is OCGA § 9-11-9.1 (a) applicable to all wrongful acts or omissions allegedly committed by professionals. "[T]he relevant inquiry is whether 'a particular claim is grounded upon "professional malpractice," that is, an act or omission caused by a "professional" which constitutes malpractice.' [*Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62, 63 (3), 64 (424 SE2d 632).]" *Adams v. Coweta County*, 208 Ga. App. 334, 335 (2) (430 SE2d 599). In the case sub judice, plaintiffs allege in Count 5 that defendants (each responsible for inmates at the Muscogee County jail) deliberately overlooked Howard's physical deterioration over a period of several days and that defendants ignored Howard's pleas (as well as the pleas of other inmates) for help. These claims do not relate to the exercise of professional judgment and therefore do not require backing of an expert's affidavit. See *Adams v. Coweta County*, 208 Ga. App. 334, 335 (2), 336, supra. Further, we do not

agree with the trial court that plaintiffs' remaining state law claims (Counts 1, 2, 3 and 4) and federal law claims (Count 6) amount to nothing more than causes of action for medical malpractice. The plaintiffs are only required to allege facts sufficient to place defendants on notice of their substantive claims. See *Howard v. Bank South, N.A.*, 209 Ga. App. 407, 408 (1) (433 SE2d 625). Consequently, as was the case in *Howard v. Jonah*, 208 Ga. App. 542 (430 SE2d 833), the trial court erred in dismissing plaintiffs' complaint as to those claims not based upon professional malpractice. See *Parker v. Brinson*, 209 Ga. App. 19, supra.

3. Our final inquiry is whether Dr. Bussey's affidavit fails to satisfy the pleading requirements of OCGA § 9-11-9.1 (a). The trial court found that Dr. Bussey's affidavit is insufficient because it is without sufficient factual basis to support the expert's conclusions; it does not indicate that Dr. Bussey is competent to give an opinion as to the standard of care required of licensed practical nurses; the affidavit collectively refers to defendants rather than any specific medical professional and the affidavit fails to set forth at least one negligent act or omission by defendants Chase, Chapman, Thompson and McLeod.

(a) Factual basis of Opinion and Account of Defendants' Negligent Acts or Omissions. Defendants assert that Dr. Bussey's statements that he has "limited knowledge of the matters herein referred to" and that he has reviewed an "abstract" of James Howard, Jr.'s medical records renders the factual basis of the expert's opinion insufficient. Defendants Chase, Chapman, Thompson and McLeod further argue that the affidavit is insufficient because it does not set forth at least one negligent act or omission. These arguments are without merit. It was not only unnecessary for Dr. Bussey to attach the "abstract" of Howard's medical records to his affidavit, it was unnecessary for him to render an accounting of the specific records that comprised this "abstract." *Williams v. Hajosy*, 210 Ga. App. 637 (1), 638 (436 SE2d 716). All that was required to satisfy the initial pleading requirements of OCGA § 9-11-9.1 (a) was a synopsis of the salient facts upon which Dr. Bussey based his opinion. *HCA Health Svcs. of Ga. v. Hampshire*, 206 Ga. App. 108, 112 (4) (b) (424 SE2d 293). And to this extent, Dr. Bussey deposed that the defendants, particularly "the jail clinic departmental personnel and staff," "failed to provide Mr. James Howard, Jr. with timely investigation and proper health care attention necessary for the treatment of his diabetic condition[, neglected and failed] to recognize and treat this man's diabetic condition[,] failed to exercise those procedures and protocols critical to the providing of necessary and proper health care treatment to James Howard, Jr. [and] failed to recognize and properly provide medical treatment for a diabetic condition. . . ."

The dissent, however, views Dr. Bussey's affidavit as insufficient

under OCGA § 9-11-9.1 because "it allows general allegations of negligence to be attributed to the entire 'jail clinic departmental personnel and staff' without reference to specific acts of negligence by specific defendants." In so concluding, the dissent unduly narrows the Supreme Court holding in *Gadd v. Wilson & Co. &c.*, 262 Ga. 234 (416 SE2d 285), where it was said that specific reference to a particular defendant is not required in pleading affidavits prescribed under OCGA § 9-11-9.1. The Court in *Gadd* held that all that is necessary is that such affidavits "link" the defendant professional to the negligent act or omission. Contrary to the dissent's view, the Supreme Court does not limit its holding to cases where there is only one professional defendant. On the contrary, the Supreme Court held that pleading affidavits under OCGA § 9-11-9.1 should be construed with the liberality of the Civil Practice Act. *Gadd v. Wilson & Co. &c.*, 262 Ga. 234, 235, supra. From this perspective, we find that Dr. Bussey's affidavit is sufficient to satisfy the pleading requirements of OCGA § 9-11-9.1. First, the medical professionals referenced in Dr. Bussey's affidavit not only appear to be the defendant medical professionals in the case sub judice, but (for what is known at this shallow point of litigation) these defendants were all responsible for and charged with Howard's medical care and treatment at some point over the protracted period of the inmate's medical weakening and decline. (At least there is not yet conclusive proof to say otherwise.) Second, it appears to take several days without medical care for a person to die of "ketoacidosis" and, according to Dr. Bussey, it is below the requisite standard of care for medical professionals such as defendants not to recognize, diagnose or treat a person displaying the apparently dreadful and overt signs of diabetic "ketoacidosis." This, of course, is not to say that civil discovery will not dispel liability on the part of some or all of the medical defendants. However, considering that no party has been called upon under oath in the case sub judice to account for the circumstances of the death of James Howard, Jr., we find no deficiency in Dr. Bussey's general identification of defendants or the specificity of his opinion regarding the defendants' substandard medical care and treatment of James Howard, Jr. Further, we find no flaw in his statement that he has "limited knowledge" of the matters which form the basis of his opinion. Indeed, opportunities to gain "full knowledge" of the medical treatment and care provided to James Howard, Jr. at the Muscogee County jail (upon which an expert may form a more accurate medical opinion) will only arrive when civil discovery has been extended to plaintiffs.

(b) Competence of Expert Opinion. Defendants Chapman, Thompson and McLeod argue that Dr. Bussey was not competent to testify as to the standard of care required of licensed practical nurses. This argument was rejected under identical circumstances in *Crook v.*

*Funk*, 214 Ga. App. 213, 215 (2) (447 SE2d 60).

(c) Specific Reference to the Defendants Chase, Chapman, Thompson and McLeod. It was unnecessary for Dr. Bussey to refer to any particular defendant in the body of his affidavit. He was only required to link the alleged malpractice to defendants Chase, Chapman, Thompson and McLeod. See *Gadd v. Wilson & Co. &c.*, 262 Ga. 234, 235, supra. Dr. Bussey did this when he deposed that "the jail clinic departmental personnel and staff. . ." were responsible for the unnecessary death of James Howard, Jr.

4. We do not reach issues argued by the City, the County and the Sheriff regarding a motion to dismiss plaintiffs' civil rights claims under 42 USC § 1983. Since the trial court did not rule on this motion to dismiss, this Court has no jurisdiction to rule on it on appeal. See *Young v. Scott*, 212 Ga. App. 572, 574 (1) (442 SE2d 768).

*Judgment reversed. Pope, P. J., and Ruffin, J., concur. Beasley, C. J., Johnson and Smith, JJ., concur in the judgment only. Birdsong, P. J., and Blackburn, J., concur in part and dissent in part. Andrews, J., concurs in the judgment only as to Divisions 1, 2 and 4 and dissents in part.*

BLACKBURN, Judge, concurring in part and dissenting in part.

Once again we are faced with a case in which the requirements of OCGA § 9-11-9.1 have created an additional level of litigation where traditionally authorized procedures could have more efficiently dealt with the underlying issues. I am in agreement with Divisions 1, 2, and 4 of the majority; however, I must respectfully dissent from Division 3 as I do not agree that Dr. Bussey's affidavit satisfies the pleading requirements of OCGA § 9-11-9.1. My dissent, therefore, deals exclusively with the adequacy of the OCGA § 9-11-9.1 affidavit required for plaintiffs' cause of action for medical malpractice (Count 5 in plaintiffs' complaint), and not other issues which are not before us.

Plaintiffs brought the present action against several defendants: a city, a sheriff, a doctor, and three nurses. In their complaint, the plaintiffs do not relate the negligent actions to any individual defendant in the medical malpractice cause of action. Plaintiffs refer to the failure of the defendants collectively to provide adequate medical attention and treatment to plaintiffs' decedent. Plaintiffs allege that the actions of each defendant constituted medical care which was negligent. Again, in Dr. Bussey's affidavit, the allegations of negligence are not connected to specific defendants, instead Dr. Bussey cites as negligent the conduct of the "City of Columbus, County of Muscogee, Georgia, Jail Health Clinic" and "jail clinic departmental personnel and staff."

We have construed OCGA § 9-11-9.1 to require "a valid affidavit by an expert competent to testify in court against each professional

defendant named in the complaint, in which is set forth specifically at least one negligent act or omission claimed to exist as to each professional defendant (jointly, where appropriate; otherwise, severally) and the factual basis for the claim against each defendant." *HCA Health Svcs. of Ga. v. Hampshire*, 206 Ga. App. 108, 110 (424 SE2d 293) (1992). "Although the express language of § 9-11-9.1 does not require the affidavit to name the party who was allegedly negligent, § 9-11-9.1 has been interpreted as requiring that an affidavit be filed by a competent expert witness setting forth a single negligent act *allegedly committed by the defendant.*" (Citation and punctuation omitted; emphasis in original.) *Gadd v. Wilson & Co. &c.*, 262 Ga. 234, 235 (416 SE2d 285) (1992). In *Gadd*, the Georgia Supreme Court found that the requirement that the alleged negligence had to be linked to the defendant was substantially met by the fact that there was only one defendant and "therefore was implicitly the party to whom" the negligence was attributed. Id.

The present case contains multiple defendants and the affidavit fails to connect any individual defendant with a negligent act. Furthermore, the majority's construction of this affidavit is not consistent with the purpose of OCGA § 9-11-9.1, see *Gadd*, supra at 235, to the extent it allows general allegations of negligence to be attributed to the entire "jail clinic departmental personnel and staff" without reference to specific acts of negligence by specific defendants. The affidavit fails to set forth the factual basis for any claim against any individual defendant.

Based upon the foregoing, I would affirm the trial court's grant of the defendants' motion to dismiss with regard to Count 5 for medical malpractice which was properly granted.

I am authorized to state that Judge Birdsong joins in this opinion.

DECIDED DECEMBER 5, 1995 —
RECONSIDERATION DENIED DECEMBER 20, 1995 —

*Burkey & Burkey, Jennifer A. Burkey, Frederick D. Burkey*, for appellants.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr., C. Morris Mullin, Page & Scrantom, W. G. Scrantom, Jr., Eugene H. Polleys, Jr.*, for appellees.